## THE STATE *v.* FOSTER.

Where the subject matter of a negative averment relates to the respondent personally, or is peculiarly within his knowledge, the averment need not be proved by the prosecutor; and if relied upon by the respondent he must himself prove it.

Upon an indictment, for a breach of the license laws of this State, charging that the respondent, not being a licensed taverner, nor having a license to sell wine or spirituous liquors, sold five quarts of spirituous liquors to one J.—*held*, that the State were not bound to produce negative evidence that the respondent had not a license.

It is not necessary that a clerk or agent in a store, receive a written appointment. The fact of his employment may be inferred from the relative situation of the parties, and the nature of the employment, without proof of any express employment, either written or verbal.

Where a witness testified that he sometimes tended the store of the respondent, as his clerk or agent; that the respondent left the witness that afternoon in the general charge of the store; that he had sometimes sold rum for the respondent in the store, but did not recollect to have sold brandy; that there was rum on tap in the cellar, and also brandy on tap; and that he sold a quart of brandy that afternoon,—*held*, that the evidence was competent to be submitted to a jury as tending to show that the witness had authority from the respondent to sell the brandy on his account.

A witness is not bound to disclose any facts which will subject him to a criminal prosecution. But the privilege is that of the witness, and not of the party; and if he waives the privilege and answers questions tending to show him guilty of a crime, the answers do not affect his competency, but go only to his credibility.

Where a witness discloses part of a transaction, in which he was criminally concerned, without claiming his privilege, he is then bound to go forward and state the whole.

INDICTMENT, alleging that the defendant, not being a licensed taverner, nor having a license to sell wine or spirituous liquors, on the twentieth of August, 1851, at Salem, in this county, sold five quarts of spirituous liquors, to John Jefferson.

John Jefferson testified that he bought of the defendant at his shop in Salem, on the twentieth of August, 1851, four quarts of rum, and one quart of brandy, and paid him one dollar and two cents.

There was no negative evidence that the defendant had not a license.

On the part of the defendant, Benjamin Foster testified as follows: "I am brother of the defendant, and was at his store on the twentieth of August. John Jefferson came there that day, and wanted a gallon of rum of my brother. I heard him say nothing to my brother about brandy. My brother told him he had not any to sell. He said he lived in Derry, and must go all the way to Haverhill, if he could not get it there. There was another man with Jefferson; they stayed round there almost an hour. They went off a while, and when they came back Jefferson said to my brother, 'if you wont let me have rum, let me have molasses;' my brother said, 'I've molasses enough,' and they went down cellar, and came back, and there was something done between them at the counter, but I don't know what. My brother then went away to his field, and did not come back till night. He left me in charge of the store, and I stayed there till he came back."

On cross examination the witness testified: "I was not in partnership with my brother, but sometimes tended the store for him, as his clerk or agent. He left me that afternoon in the general charge of the store. I had sometimes sold rum for him at the store, but do not recollect ever to have sold brandy. There was rum on tap in the cellar, and also brandy on tap there in a cask." The witness was then asked, if after his brother went away that afternoon, he sold Jefferson any brandy at the store. The witness declined to answer, on the ground that his answer might criminate himself. The court being of opinion that the witness having testified to part of the dealings of Jefferson at his brother's shop, for the purpose of showing that his brother did not sell the spirits, he was bound to tell all he knew that related to the transaction; and the witness by order of the court proceeded to answer the question and said: that after his brother went away, Jefferson came and wanted a quart of brandy, and after some hesitation he sold him a quart of brandy, and received forty-two cents for it, which he put into the till with the other money there belonging to his brother; that among other reasons for hesitating to sell the brandy, was, that he did not like the looks of Jefferson, and apprehended that the brandy might be pur-

chased for the purpose of laying the foundation for a prosecution.

The court instructed the jury that if the defendant had brandy on sale in his shop, and gave the witness authority to sell for him, as his agent or clerk, and the witness sold the brandy for the defendant pursuant to his authority, it would be in law a sale by the defendant, on which he might be charged in this indictment ; that the authority to sell must have been prior to the sale, and a subsequent ratification by taking the money or otherwise would not be sufficient. That it was not necessary that the State should prove an express authority to sell this brandy, but that the evidence was competent for them to weigh, as tending to show that the witness had authority from his brother, to sell the brandy on his account. That in order to charge the defendant for the sale made at his shop, by his brother, in his absence, they must find, as matter of fact, that authority to sell was given before the sale.

The jury returned a verdict of guilty ; which the defendant moves to set aside :

1. Because there was no evidence that the defendant was not licensed to sell.

2. Because there was no competent evidence that Benjamin Foster had authority from the defendant to sell the brandy.

3. Because the witness was compelled to testify to facts having a tendency to criminate himself.


*Sullivan*, attorney general, for the State.

1. In case of the sale of spirit without license, it is not necessary for the government to prove the negative averment that the defendant sold spirit, not having a license therefor. 1 Greenl. Ev., § 79.

2. The authority of an agent may be created by parol, or by mere employment ; by the relative situation of the parties, or from the nature of the employment. Paley on Agency, 2 ; Long on Sales, 219 ; 2 Greenl. Ev., § 60.

An agent is a competent witness to prove his own authority, if it be by parol. 1 Greenl. Ev., § 416.

An agent is a competent witness to prove the fact of the sale. 1 Greenl. Ev., § 416.

3. Where a witness voluntarily testifies to a part of a transaction, he is bound to testify to the whole, though he may criminate himself by doing it. 1 Greenl. Ev., § 451; *State v. K.,* 4 N. H. Rep., 562.

If a witness is compelled to testify to matter which may criminate himself, it is no ground for setting aside a verdict. To withhold such testimony, is a personal privilege of a witness and not of a party. 1 Greenl. Ev., § 451 ; *East* v. *Chapman,* 1 Mood. & Walk., 46.

*Marston,* for the respondent.

In addition to our positions taken on the trial, we desire the court to look into the statute of 1849. We are under the impression that that statute has made some change in the law, favorable to the respondent.

EASTMAN, J. The respondent relies upon three grounds, upon which to set aside the verdict returned against him. The first is, " because there was no evidence that the defendant was not licensed to sell." It is true, that the indictment contains a negative averment. It alleges that the defendant, not being a licensed taverner, nor having a license to sell wine or spirituous liquors, on the twentieth of August, 1851, sold five quarts of spirituous liquors, to John Jefferson. And it appears by the case, that there was no negative evidence, that the defendant had not a license. In many cases, negative averments and allegations, being of the essence of the offence, or of the ground of action, must be proved. The party, however, is not ordinarily required to furnish that full and satisfactory evidence, which is necessary when the averment or allegation is affirmative. But where the subject matter of a negative averment relates to the defendant, personally, or is peculiarly within his knowledge, the averment need not be proved by the prosecutor, and if relied upon by the defendant, he must himself prove it. *Sheldon* v. *Clark,* 1 Johns. Rep., 513 ; *State.* v. *Morrison,* 3 Devereaux Rep.,

299 ; *Gening* v. *The State,* 1 McCord, Rep., 573 ; *State* v. *God-frey,* 11 Shepl. Rep., 232 ; *Rex* v. *Turner,* 5 M. & Selw., 205 ; 1 Greenl. on Ev., § 79. Such a rule is no hardship upon a defendant. The evidence being peculiarly within his knowledge and possession, he can show it at once, without any inconvenience. If this respondent had been licensed, he could readily have produced the license ; while to prove the negative, the government would have been compelled to summon the town clerk to appear with the records of the town.

Under the statute, as it stood prior to 1849, it is believed that this question was considered and decided, and that it was then held that the government need not prove the non-existence of the license. It is now suggested, that the change made by the statute of 1849, may perhaps present the question in a different aspect. But on comparing the two acts, we find nothing that makes or requires any alteration in this rule of evidence. The first section of the act of 1849, provides that the selectmen of the respective towns shall license one or more suitable persons to sell wine and spirituous liquors, for medicinal, mechanical, and chemical purposes, and for no other use, or purpose. Pamp. Laws, 847. This act also repeals the fifth section of chapter 117 of the Revised Statutes, and so much of the sixth section as is inconsistent with the act. These sections gave the selectmen power to license any retailer to sell wine and spirituous liquors in any quantity not less than a pint, to be sold delivered and carried away. The change, then, is simply a restriction upon the selectmen in the nature of the license to be granted by them. It affects, in no way, the rules of evidence.

The second position of the respondent is, that " there was no competent evidence that Benjamin Foster had authority from the defendant to sell the brandy." But in regard to this point, we think there cannot be any doubt. The evidence was entirely competent for the jury to find Benjamin Foster to be the agent or clerk of the respondent, for the sale of all articles in the store. He testifies that he sometimes tended the store for the defendant, as his clerk or agent ; that he had sold rum for him ; that there was rum on tap in the cellar, and also brandy on tap

in a cask ; that the defendant went to his field, and did not come back till night, and that the witness was left in charge of the store and stayed there till the defendant came back. It is true that he says, that he did not recollect selling brandy, but when subsequently giving an account of the sale of the brandy ; for which this indictment was found, he does not give as a reason for hesitating to sell the brandy that he was not authorized to sell it, but that he did not like the looks of the person applying for it, and apprehended that the brandy might be purchased for the purpose of laying the foundation for a prosecution. It probably never occurred to the witness, nor to the respondent, till after this indictment was found, that the witness had not just as much authority to sell the brandy, as he had to sell the cloth upon the shelves, or the tea in the chest, or the molasses, or the rum. It is very seldom the case, that a clerk or agent in a store, receives a written appointment, prescribing his duties. And it is by no means necessary that he should. It is sufficient if there be satisfactory evidence of the fact of employment; which may be inferred from the relative situation of the parties, and the nature of the employment, without proof of any express appointment, either written or verbal. 2 Kent's Com., 613 ; *Shaw* v. *Nudd,* 8 Pick. Rep., 9 ; *Hooe* v. *Oxley,* 1 Wash. U. S. Rep., 19 ; Story on Agency, 45 ; 2 Greenl. Ev., 60. Had the respondent intended, or desired that the witness should be restricted in regard to the sale of the liquors, he should have so ordered. But not having done it, and the evidence having been left to the jury, and they having found the agency, we can discover no reason for disturbing the verdict upon this objection. If it were necessary for the respondent to establish the sale of any goods, made by Benjamin Foster, for the purpose of recovering pay therefor, he would at once resort to him or his clerk, or agent, to prove the fact ; and the evidence submitted upon the trial in this case, would be entirely competent for that purpose. So also was it competent to prove the allegation of sale in this indictment.

But the respondent further contends that the verdict should be set aside, " because the witness was compelled to testify to facts having a tendency to criminate himself." Where the an-

swer to a question will expose the witness to a criminal prosecution, or to any kind of punishment, the authorities are very clear that he is not bound to answer. He is not bound to disclose any facts which will subject him to a criminal prosecution. *Amherst* v. *Hollis*, 9 N. H. Rep., 107 ; *State* v. *K.*, 4 N. H. Rep., 562 ; 1 Greenl. Ev., § 451 ; 1 Phil. Ev., 276 ; *Low* v. *Mitchell*, 6 Shepl. Rep., 272. But the privilege is that of the witness, and not of the party, and it lies with the witness to claim it or not, as he may choose. *McCarty* v. *Bond's admr's*, 9 Lou. Rep., 351 ; *Treat* v. *Brown*, 4 Conn. Rep., 408 ; *Thomas* v. *Newton*, 1 Mood. & Walk., 48, note 6. If the witness waives his privilege, and answers the questions, even though the answers may show that he is guilty of an infamous crime, yet he will not thereby be rendered incompetent. The answers go only to his credibility. 1 Stark. Ev., 144 ; *Orr's case*, 5 C. H. Recorder, 181 ; 17 Mass. Rep., 537. And where a witness discloses part of a transaction, in which he was criminally concerned, without claiming his privilege, he is then bound to go forward and state the whole. *State* v. *K.*, 4 N. H. Rep., 562 ; *Brown* v. *Brown*, 5 Mass. Rep., 320 ; *East* v. *Chapman*, 1 Moood. & Walk., 46 ; *Dixon* v. *Vale*, 1 Carr. & Payne, 278. Especially ought this to be so, where the facts disclosed are in favor of the party calling him. In this case, the witness had testified to facts tending to show that the testimony of the government's witness was untrue. He also testified, that he had sold rum for the respondent at the store, but did not recollect ever to have sold brandy. But when the question was put to him directly, if he did not himself, that afternoon, after his brother had gone away, sell Jefferson any brandy, he then for the first time claimed his privilege. This he could not do ; having told a part of the truth he should disclose the whole.

*Judgment on the Verdict.*