# Richmond

ROGER LEE WORRELLS V. COMMONWEALTH OF VIRGINIA.

October 11, 1971.

Record No. 7624.

Present, All the Justices.

*Cecil W. Taylor (George H. Fralin, Jr.; Williams, Martin, Taylor & Fralin, on brief), for plaintiff in error.*

*Vann H. Lefcoe, Assistant Attorney General (Andrew P. Miller, Attorney General; James E. Kulp, Assistant Attorney General, on brief), for defendant in error.*

CARRICO, J., delivered the opinion of the court.

The defendant, Roger Lee Worrells, was indicted for the murder of his wife, Sarah Worrells. A jury found him guilty of voluntary manslaughter and fixed his punishment at four years in the penitentiary. To the final order confirming the conviction and imposing sentence, the defendant was granted a writ of error.

The evidence shows that at the time of the occurrence in question, the defendant and his wife Sarah were separated. He had been keeping company with Edna Daniels, who was the former wife of Allen Guill, Sarah's brother.

On the evening of February 19, 1970, the defendant and Edna Daniels went to the Briar Patch Inn in Amherst County. While they were inside, Sarah Worrells and Allen Guill, by prearrangement and with apparent knowledge that the defendant and Edna were in the Briar Patch, met at a nearby location and drove separately to the inn. They remained outside waiting for the defendant and Edna to come out.

When the defendant and Edna came out of the inn, Sarah emerged from her car with a pistol in one hand and a soft drink bottle in the other. Sarah and Edna began fighting. Edna produced a pistol and the weapon was discharged, apparently without striking anyone.

Allen Guill emerged from behind the restaurant carrying a rifle. The defendant began advancing toward Guill with a weapon in his hand. Guill began firing, one of the shots striking the defendant in the abdomen. The defendant then began firing, discharging his weapon nine times. Two of the missiles struck Sarah in the back.

After the melee, the defendant fell to the ground unconscious. Sarah was dead. Guill fled the scene in his car. Edna had been struck by a bullet and died later.

The defendant was taken to a hospital where he underwent surgery for repair of a laceration of his liver. He was subsequently discharged and arrested for Sarah's murder.

The defendant's assignments of error present two questions which merit discussion. The first is whether the trial court erred in refusing to allow the defendant to question Allen Guill after the latter, who had been summoned, called, and sworn as a defense witness, had invoked his Fifth Amendment privilege against self-incrimination and refused to testify. Guill, who was under indictment in connection with the incident at Briar Patch Inn, was excused as a witness upon his general assertion "that any testimony that he might give" might tend to incriminate him.

The defendant contends that he should have been permitted to pose individual questions to the witness and if Guill asserted his Fifth Amendment privilege against answering any such questions, then the court could have determined whether the answers thereto would have been incriminating. With this contention, as a general propo-

sition, we would agree. *Temple v. Commonwealth,* 75 Va. 892, 899 (1881). It does not necessarily follow, however, that the failure of the trial court to follow such a course in this case constituted reversible error.

The defendant did not proffer to the trial court the individual questions he desired to pose to the witness. We are unable to determine, therefore, whether such questions would have been relevant and, if so, whether the witness should have been required to answer them. Given the evidence, as previously outlined, of Guill's alleged participation in the events at Briar Patch, it is conceivable that any relevant question could have elicited an answer which might have tended to incriminate the witness. In the absence of proffer of a relevant question calling for a nonincriminating answer, we will not reverse for the alleged error in excusing Guill as a witness upon the general assertion of his Fifth Amendment privilege. *See United States v. Cansler,* 419 F.2d 952, 955 (7th Cir. 1969), *cert. denied,* 397 U.S. 1029 (1970).

█ The other question to be decided is whether the trial court erred in refusing Instructions J and K offered by the defendant. These instructions, he says, would have presented to the jury his "principal defense . . . that the rifle shot which struck him in the abdomen . . . rendered him unconscious to the point of being incapable of knowing what he was doing."

We may bypass the question whether the form and content of the instructions were proper. The ready answer to the defendant's contention that it was error to refuse the instructions is that there was just no evidence to support them. There was nothing offered the jury from which it could have found that the defendant was unconscious and therefore incapable of knowing what he was doing at the time he shot Sarah.

To the contrary, the evidence shows that after he was shot by Guill, the defendant was able to walk, talk, and shoot. He walked from the point where he was shot to the rear of Sarah's car. He told Guill, "You are dead now, old boy." He called Sarah, who was standing near the front of her vehicle, "a s.b." and then fired nine times. There was also evidence from which the jury could have inferred that after he shot Sarah, he said, "I got you, you bitch." And after the shooting was over, he was still on his feet and had to be disarmed by a bystander who "grabbed him by the

neck and grabbed the gun." It was not until sometime after being disarmed that the defendant fell to the ground.

The only bit of testimony before the jury relating to the state of mind of the defendant at the time he shot Sarah was his own statement that he remembered nothing after he was shot by Guill. This was not sufficient to warrant granting the instructions in question.

We have examined the other assignments of error advanced by the defendant and find them to be without merit. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*