495 P.2d 804

**STATE of Utah, Plaintiff and Respondent,**

v.

**Jerry Lee ANDERSON, Defendant
and Appellant.**

**No. 12527.**

Supreme Court of Utah.

March 27, 1972.

David P. Rhode, of Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from a conviction of murder in the first degree and the life sentence imposed thereon. He admits killing the victim but claims it was done in necessary self-defense.

The undisputed facts show that the defendant and the deceased were acquaintances for three or four days, during which time they were drinking and carousing together; that during that time the deceased received cash in the amount of $385 and spent considerable money on "parties": that the defendant was unemployed and never paid anything for room and board to his grandmother with whom he lived; that after an all-night carousal together the victim drove the defendant home about 7:00 a. m. on August 15, and just after the defendant left the car he turned and shot the victim five times, killing him instantly; that the police arrived in a few minutes and found the defendant trying to put the dead body into the trunk of the car; that when arrested the defendant had $60 in his wallet together with a check in the amount of $385 and $51 in loose bills in his front pants pocket; that there was blood on defendant's hand and on some of the loose bills; that the victim's empty purse was on the rear seat of the car with all compartments unfastened; that an automatic pistol other than the one which was used in the homicide was on the front seat of the car containing six cartridges in the clip but none in the firing chamber; that the pistol was clean and had no dirt or dust upon it; and that the pockets in the vic-

tim's trousers were turned inside out and ninety-five cents in loose coins were in the alleyway near the body.

The defendant claimed that he owned the $111 and that he had an additional $80 which he seemed to imply that the police appropriated at the time of his arrest. He also testified that there had been no altercation or unpleasantries of any kind between him and the deceased but that as he was leaving the car, he heard said what he thought was "I've got you now !" or "I won't miss now !" He said that he looked back into a pistol in the hand of the deceased pointed at him and that he shot in self-defense. He further testified that when the deceased fell, the automatic pistol fell in the alleyway and he merely picked it up and tossed it onto the front seat of the car.

■ The trial judge instructed the jury regarding "felony murder," that is, the killing of a human being while in the commission of a robbery or attempted robbery.[1] He also instructed on murder in the first degree when there is malice, deliberation, and premeditation. No exceptions were taken to the instructions, but the defendant on this appeal says that the evidence is insufficient to permit a guilty verdict on either theory of first degree murder.

We cannot agree. We think the evidence was such as to justify a guilty verdict un-der either theory; and since the defendant made no request for an instruction which would enable him to know which theory the jury adopted, he now is in no position to complain about the verdict if it could be properly based upon either theory of guilt.

■ Another assignment of error is that the court refused to give a requested instruction to the effect that the defendant had a right to arm himself in advance if he anticipated the need for self-defense.

The evidence clearly showed that the defendant had no reason whatsoever to fear the deceased. While it is true that the defendant had been in some sort of a brawl or altercation with others some six weeks prior to the killing, the evidence was not such as to require the court to give the requested instruction.

■ The last assignment of error is that the court erred in permitting the prosecuting attorney on cross-examination of the defendant to ask questions about the check in defendant's purse. This check was forged, and the defendant was the named payee. When the prosecuting attorney asked the defendant about the check, his counsel said, "Your Honor, I would advise my client not to answer any questions about that check because of other matters; I think he has a right not to answer any question." The defendant answered the

---

1. A discussion of felony murder is had in the case of State v. Boyland, 27 Utah 2d 268, 495 P.2d 315, decided at this term of court.

 

question without claiming any privilege against self-incrimination. Then the prosecuting attorney asked the defendant if he did not have the check in question in his wallet. Counsel for defendant stated, "Objection for the same reason, Your Honor." This objection was overruled, but the witness equivocated and never admitted that the check was in his wallet.

An attorney for a witness cannot claim a privilege against self-incrimination; he can only advise the witness. In order for the claim to be honored by the court, it must be made by the witness.[2] When the defendant took the witness chair in his own behalf, he waived his privilege not to testify on all material matters. He cannot testify to a selected matter in his own favor and not be subjected to the same sort of cross-examination as any other witness. The extent of cross-examination is a matter which lies within the sound discretion of the trial judge.[3]

We do not think there was any abuse of discretion on the part of the trial judge in this ruling, and especially is this so since the officer who searched the defendant was in court and had already testified that the check was in defendant's wallet at the time of the arrest.

We have carefully examined the record in this case and find no error as assigned or any other error or irregularity which would warrant our disturbing the verdict or sentence. The judgment and sentence of the court below is therefore affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.

---

2. McCormick, Handbook of the Law of Evidence (1954), Sec. 133, and authorities cited.

3. McCormick, Handbook of the Law of Evidence (1954), Sec. 24.