Carroll,
No. 6244.

State *v.* Robert L. Bell.

December 29, 1972.

*Warren B. Rudman,* attorney general, and *Henry F. Spaloss,* assistant attorney general (*Mr. Spaloss* orally), for the State.

*William P. Shea,* by brief and orally, for the defendant.

KENISON, C.J. The questions for decision in this case are (1) whether the juvenile witness called by the defendant in fact asserted his privilege against self-incrimination and, if so, (2) whether the trial court's ruling precluding further examination of this witness was proper. In October 1970 the defendant was convicted after trial by jury of the burglary of a house in Effingham, New Hampshire, on August 12, 1970. Upon the defendant's exceptions to certain rulings of the superior court, the case was reserved and transferred to this court by the Presiding Justice, *Grant,* J.

The defendant was convicted on the basis of his written confession and upon other evidence that shortly after the burglary he suddenly came into possession of two of the stolen items, a rifle and a box of ammunition, which he claimed were his own. In his confession the defendant stated that he and "another person" "broke into" the house and took the rifle and ammunition and certain other specified items. At trial, the defendant took the stand and repudiated the confession, asserting that he signed the confession because the officers obtaining the confession indicated to him that

only by confessing to the crime would he somehow be able to help his juvenile friend who, he testified, had actually committed the crime.

To corroborate his claim, the defendant called the juvenile as a witness to testify concerning the burglary. The court halted the examination when the witness began to testify as to events surrounding the burglary and appointed counsel to advise the juvenile of his privilege against self-incrimination. The juvenile subsequently testified in chambers that counsel had advised him that "if they were to ask me, 'Did Bobby Bell go into the house?' and stuff like that, I was to tell them the truth, that he did . . . . And if they asked anything about me, that I was to tell them, 'I refuse to answer on the grounds that it may incriminate me.'" On the basis of this testimony, the court precluded further examination of the juvenile witness in order to protect his privilege against self-incrimination, to which ruling defendant's trial counsel did not except.

The defendant's counsel for this appeal asserts that the court erroneously invoked the privilege against self-incrimination on behalf of the witness who alone could properly claim this "personal" privilege. While there may be occasions when an attorney may properly invoke the privilege on behalf of and as agent for his client (*Brody* v. *United States,* 243 F.2d 378 (1st Cir. 1957); McCormick, Evidence *s.* 120, at 254 (2d ed. 1972)), ordinarily the witness must himself claim the privilege. *State* v. *Desilets,* 96 N.H. 245, 246, 73 A.2d 800 (1950); *State* v. *Anderson,* 27 Utah 2d 276, 495 P.2d 804 (1972); *see State* v. *Foster,* 23 N.H. 348, 354 (1851). However, no magic language or ritualistic formula is required to assert the privilege which is effectively invoked by any language which the court should reasonably be expected to understand as an attempt to claim the privilege. *Quinn* v. *United States,* 349 U.S. 155, 163, 99 L. Ed. 964, 972, 75 S. Ct. 668, 673 (1955); 8 *Wigmore, Evidence s.* 2268, at 402 (McNaughton rev. 1961).

Where it is uncertain that a witness is actually asserting his privilege against self-incrimination, the trial court should inquire whether he is in fact claiming the privilege. In this case the trial court could reasonably have inferred from the

juvenile witness' statement quoted above that he intended to follow counsel's advice and claim the privilege. Moreover, defendant's trial counsel was present in chambers during the examination of the witness and could have urged the court to ask the juvenile if he were actually asserting the privilege, if in fact there had been any real doubt on this question.

It is often said that the privilege against self-incrimination guaranteed by the fifth amendment to the United States Constitution and article 15, part I of the New Hampshire constitution is an option for the witness to refuse to answer each particular question as it is propounded, and not a prohibition of all further inquiry by the examiner. *E.g., United States* v. *Harmon,* 339 F.2d 354, 359 (6th Cir. 1965); *People* v. *Austin,* 159 Colo. 445, 412 P.2d 425 (1966); *Hinds* v. *John Hancock Mut. Life Ins. Co.,* 155 Me. 349, 155 A.2d 721 (1959); *see* George, Constitutional Limitations on Evidence in Criminal Cases 232 (1969 rev. ed). *See generally* 8 Wigmore, *supra s.* 2268, at 405-06. The rationale underlying this rule rests upon the fact that the privilege is a limited one, protecting the witness from responding to questions only if the answers would in fact have a tendency to subject him to prosecution. The court must necessarily make the final determination of whether a truthful and complete response might be incriminating (3 Wharton, Criminal Evidence *s.* 723, at 21 (12th ed. 1955)), in order to protect against abuse of the privilege (*Janvrin* v. *Scammon,* 29 N.H. 280, 290 (1854)), and in most cases the court will be unable to give reasoned consideration to the privilege claim until the witness' refusal to answer a particular question is viewed in the light of all of the circumstances of the particular case. *Malloy* v. *Hogan,* 378 U.S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489 (1964); *see Midgett* v. *State,* 223 Md. 282, 164 A.2d 526 (1960); 3 Wharton, *supra s.* 723.

In the present case, however, it was clear that the only relevant testimony the juvenile witness could give pertained to events occurring during and at the scene of the burglary, such as whether he or the defendant had actually entered the house. The trial court reasoned correctly, contrary to counsel's advice to the juvenile, that even if the witness were

to state only that the defendant did enter the house, this would tend to incriminate him since the prosecution could then properly inquire on cross-examination into the source of the witness' information. *State* v. *K.,* 4 N.H. 562 (1829); van Gestel, The Exclusionary Rules of Evidence in New Hampshire Criminal Trials 21, May 20, 1961 (typewritten study in New Hampshire Supreme Court library). The witness would then be forced to choose between perjuring himself or admitting that he had been present during the burglary. This is precisely the type of situation the self-incrimination privilege was designed to prevent. Where the witness is a juvenile, as in this case, special care must be taken by the court to assure that the witness is fully aware of his privilege and is warned of the implications of its waiver. George, Gault: Notice and Fair Hearing, in Gault: What Now for the Juvenile Court? 71, 89 (V.D. Nordin ed. 1968); *see In re Gault,* 387 U.S. 1, 55, 18 L. Ed. 2d 527, 561, 87 S. Ct. 1428, 1458 (1967); *People* v. *Cooper,* 268 Cal. App. 2d 34, 73 Cal. Rptr. 608 (1968) (attorney appointed to advise youthful defense witness of privilege); *State* v. *Pinch,* 28 Ohio Op. 437, 197 N.E.2d 235 (Ohio App. 1962) (counsel for youthful defense witness permitted to assert witness' privilege by interposing objections to particular questions).

In order for the court to dispense with the usual procedure of requiring the witness to claim his privilege as each question is propounded and instead allow a blanket assertion of the privilege, the court should carefully question the witness as to questions proffered by counsel calling the witness. *See Midgett* v. *State,* 223 Md. 282, 164 A.2d 526 (1960); *Commonwealth* v. *Douglas,* 354 Mass. 212, 225, 236 N.E.2d 865, 873-74 (1968); *State* v. *Miller,* 487 P.2d 1387 (Ore. App. 1971). If it then clearly appears that there is no relevant nonprivileged testimony which the witness can offer, where as here the witness is called to testify only on limited issues, the witness may be excused from further testifying upon his claim of the privilege. *United States* v. *Cansler,* 419 F.2d 952, 955 (7th Cir. 1969). To hold otherwise would be to exalt the general rule requiring particularized assertions of the claim beyond the point of its usefulness; it would result in an unnecessary consumption of time and further confuse the jury; and it would subject the witness to needless harassment.

We therefore conclude that there was no error. Even if the procedure employed by the trial court had been improper, it would have been harmless error in view of the juvenile's testimony in chambers that the defendant had indeed entered the house. Some prejudice to the defendant must be established in order to constitute reversible error. *State* v. *Rheaume,* 80 N.H. 319, 116 A. 758 (1922); *Midgett* v. *State supra; Commonwealth* v. *Baker,* 348 Mass. 60, 201 N.E.2d 829 (1964); *Worrells* v. *Commonwealth,* 212 Va. 270, 183 S.E.2d 723 (1971).

*Exceptions overruled.*

All concurred.