**STATE of Utah, Plaintiff and Respondent,**

v.

**Reuben STARKS, Defendant and Appellant.**

**No. 15633.**

Supreme Court of Utah.

July 10, 1978.

2. Utah, 578 P.2d 1274, 1978.

Stephen R. McCaughey, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

The defendant appeals from a conviction by a jury of the crime of selling cocaine. He assigns as error the refusal of the trial judge to permit cross-examination of the state's principal witness.

The witness in question testified that he first contacted the defendant regarding the purchase of some cocaine and was advised to come back at a subsequent date. The witness did so and he and the defendant left in the van belonging to the witness and went to a beer tavern. The defendant left the witness in the van while he entered the tavern. A short time later he returned and requested $110.00 to procure the drug—$85.00 for the cocaine and $25.00 for himself. The money was given to the defendant who re-entered the saloon and immediately returned with the cocaine.

Two officers kept the witness under surveillance at all times and confirmed his testimony as to the movements of the parties. The witness gave the cocaine to the officers who had it analyzed and confirmed that it was cocaine.

During cross-examination of the witness, counsel attempted to show misconduct on the part of the witness at an earlier time in order to attack his credibility. The proffered testimony was to the effect that if a certain captain in the sheriff's office were called to testify, he would say that the witness was a former deputy sheriff who had resigned under pressure; that there was a question about his honesty and integrity; that the sheriff's office would not rehire him; that the witness lied about not knowing anything about a certain dog; that the witness would not follow proper procedures regarding the turning-in of nar-

cotics; and that in his opinion [the captain's] the performance of the witness was not good.[1]

The trial court rejected the proffer of proof and refused the defendant's counsel the right to pursue the matter and that ruling is the sole basis of this appeal. The trial judge ruled correctly and there are several Rules of Evidence adopted by this Court which sustains the ruling.

Rule 22, Utah Rules of Evidence, states as follows:

As affecting the credibility of a witness . . . (c) evidence of traits of his character other than truth, honesty, or integrity or their opposites, *shall be inadmissible;* (d) evidence of specific instances of his conduct relevant only as tending to prove a trait of his character, *shall be inadmissible.* (emphasis added)

Rule 47, Utah Rules of Evidence, contains the following appropriate language:

Subject to Rule 48, when a trait of a person's character is relevant as tending to prove his conduct on a specified occasion, such trait may be proved in the same manner as provided by Rule 46, *except that* (a) *evidence of specific instances of conduct other than evidence of conviction of a crime* which tends to prove the trait to be bad *shall be inadmissible* . . . (emphasis added)

The better reasoned cases hold that conduct where no conviction is had is not admissible to impeach a witness. In the case of *State v. Herrera*[2] the defendant was improperly subjected to cross-examination. The language of this Court is as applicable to any witness now as it was to the defendant then. We there said:

If the line of cross-examination indulged here were to be permitted, the accused would find himself in a wilderness without witnesses, since none would volunteer the truth nor would the truth flow free under compulsory process, a

---

1. At all times material to the present case, the witness was a detective in the office of the Sheriff of Salt Lake County.

2. 8 Utah 2d 188, 191, 330 P.2d 1086, 1087, (1958).

witness knowing the extent to which he could be subjected to questions not pertinent to the issues involved, but designed to destroy his veracity by the simple device of calling attention to a series of incidents in his past life, perhaps harmless per se, perhaps true but having nothing to do with his truthfulness or the lack of it. The sheer weight of such marshalling of innuendoes well might unfairly make it appear that his telling of the truth would be a remote likelihood. Such technique takes on a complexion equally objectionable with untruthfulness itself, since it is a saber thrust directed at character assassination by the sharp edge of the half-truth.

Our sister state, Arizona, had the question before its Supreme Court in the case of *State v. Johnson.*[3] It said:

We think, however, that the prejudicial effects of showing specific acts of misconduct which are not sustained by a conviction are such as to greatly outweigh the purported damaging effect to the state's case. The danger is twofold: First, that the jury may conclude that the defendant is a 'bad man' and convict on lesser evidence than might ordinarily be necessary to support a conviction, and second, that if the door is opened to such evidence, the defendant is in danger of having to defend every incident of an entire lifetime in a single trial.

The fault is as patent when any witness is subjected to such an examination as it is when the defendant is the witness. The Tenth Circuit in *Tafoya v. United States*[4] stated that:

. . . It is clear that only previous convictions, and not previous acts of misconduct which do not result in conviction, may be used to impeach a witnesses' credibility.

▆ The matter of cross-examination and the extent thereof rests largely in the discretion of the trial judge, and he will be reversed only if he abuses his discretion in a given case.[5] Even if an error is made in limiting cross-examination, it is not to be reversed unless it also is prejudicial.[6]

▆ In the instant matter, the proffered testimony would not have any relevance to the question of guilt or innocence of the defendant and could only have been an attempt to try the witness as to whether or not he was considered a good officer in the opinion of a captain on the force. It would seem that the opinion of the sheriff in hiring and keeping the witness would be of more importance than would that of the captain if those opinions were material to the case being tried.

There is no error in the trial of the case and the judgment is hereby affirmed. No costs are awarded.

CROCKETT, WILKINS, and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

3. 383 P.2d 862, 863 (1963).

4. 386 F.2d 537, 539 (10th Cir. 1967).

5. *State v. Curtis,* Utah, 542 P.2d 744 (1975); *State v. Anderson,* 27 Utah 2d 276, 495 P.2d 804 (1972); *State v. Smelser,* 23 Utah 2d 347, 463 P.2d 562 (1970).

6. *State v. Maestas,* Utah, 564 P.2d 1386, (1977).