Hillsborough
No. 81-366

### Metropolitan Property and Liability Insurance Company

### v.

### Kevin Cote & a.

September 10, 1982

*Law Offices of Robert A. Backus,* of Manchester *(Robert A. Backus* on the brief and orally), for the plaintiff.

*Wiggin & Nourie,* of Manchester *(Mark A. Langan* on the brief and orally), for the defendants Kevin Cote and the Concord Group Insurance Company.

*Stark & Peltonen, P.A.,* of Manchester *(John E. Peltonen* on the brief and orally), for the defendant Gerald H. Desrochers, Jr.

BROCK, J.   The issue on this appeal is whether the trial court was correct in ruling in this petition for declaratory judgment (RSA 491:22) that both the plaintiff, Metropolitan Property and Liability Insurance Company, and the defendant Concord Group Insurance Company must provide insurance coverage for injuries allegedly suffered by Gerald Desrochers. For the reasons that follow, we reverse its ruling that Metropolitan must provide coverage.

The facts are not in dispute. Gerald Desrochers, the underlying tort plaintiff, was a neighbor of the insured, Kevin Cote in Manchester. On November 17, 1977, Desrochers was in Cote's yard assisting him in moving from one house into another. Among the items to be moved were some heavy concrete patio blocks stacked in Cote's yard. Immediately prior to the accident, Desrochers was leaning the patio blocks upright and forward so that Cote and a friend could pick them up and carry them some fifty feet away to

the truck which they were using for the move. Desrochers testified that while he was holding one of the patio blocks, he stepped backwards, slipped in a hole in the ground, and the block fell and injured him. In November 1978, Desrochers filed suit against Cote alleging that Cote's careless maintenance of the premises caused his fall and injuries. At the time of the incident, Cote was insured under a homeowner's liability policy issued by the Concord Group. Concord Group undertook an investigation of the accident and defense of the matter for Cote.

In June 1980, counsel for Concord Group notified Metropolitan, Cote's automobile insurance carrier, that it should provide coverage because Desrochers' injuries arose out of the use of an automobile insured under Cote's motor vehicle liability insurance policy. Metropolitan, however, refused to acknowledge coverage, contending that the accident did not arise out of the use of a motor vehicle, but rather the condition of Cote's yard, and thus should be covered by Cote's homeowner's liability policy with Concord Group.

Subsequently, Metropolitan filed this petition for declaratory judgment seeking a determination that it was not obligated to provide coverage to Cote for Desrochers' injuries. After a full evidentiary hearing, the Master (*Perkins*, J., Ret.) ruled that both insurance carriers had an obligation to afford a defense and provide coverage for the accident. The Trial Court (*Wyman*, J.) approved the master's recommendation, and Metropolitan appealed to this court.

■ The homeowner's policy issued by Concord Group covered Cote for his liability for bodily injury occurring on the insured premises. It contained the following exclusion:

"This policy does not apply:

1) Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, *loading or unloading of:*

2) *any motor vehicle* owned or operated by; or rented or loaned to any insured . . . ."

(Emphasis added.)

Metropolitan's motor vehicle policy, on the other hand, provided coverage for bodily injury "arising out of the ownership, maintenance, or use, including *loading or unloading,* of the owned automobile, or a *non-owned automobile.*" (Emphasis added.) It specifically excluded coverage for injuries arising out of the use of a

parked vehicle unless the injuries were a direct result of physical contact with either the parked vehicle itself or the property being loaded on, or unloaded from, the vehicle. Reading the policy in its entirety, *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 768, 423 A.2d 980, 983 (1980), it appears quite clear that Metropolitan would provide coverage for injuries occurring during the loading or unloading of a vehicle only when the injured party physically touched the vehicle, or personally lifted some property onto the vehicle or lowered it from it.

■ At the outset, we would observe that because one policy covered injury arising out of the "loading" of a vehicle, and the other excluded such coverage, at best, only one of the two policies would cover the Desrochers accident if the case is to be determined on the basis of whether or not this is a "loading" case. The trial court's decision allocating the obligation of coverage between the two insurance carriers was erroneous as a matter of law. *See Meredith v. Fisher*, 121 N.H. 856, 858, 435 A.2d 536, 537 (1981).

■ Because the construction of policy language is ultimately a question for this court, we next proceed to a consideration of which, if any, policy affords coverage on the facts alleged to have occurred here. *Connolly v. Galvin*, 120 N.H. 219, 221, 412 A.2d 428, 429 (1980). The threshold determination which we must make is whether, assuming the truth of the facts alleged, Desrochers' injuries are to be considered as arising out of the use, including loading or unloading, of an automobile, or whether by the negligent maintenance of Cote's yard.

■ In the present case, Desrochers was fifty to sixty feet away from the vehicle onto which Cote and a friend were loading the patio blocks when Desrochers accidently slipped on the ground and injured his foot. There is no evidence in the record that at the time of the accident, or at any time, Desrochers actually lifted anything onto the vehicle, or that he physically touched the vehicle. On the basis of the evidence in the record, we conclude that Desrochers was not "loading a vehicle" within the meaning of the automobile liability policy issued by Metropolitan. Rather, the claim made by the plaintiff is essentially one that the defendant negligently maintained his premises. We therefore hold that Metropolitan is not obligated to provide coverage, but that Concord Group, under its homeowner's policy, should provide a defense and afford coverage to Cote for the Desrochers claim.

*Reversed.*

All concurred.