The STATE of Utah, Plaintiff
and Respondent,

v.

Robert D. SPARKS, Defendant
and Appellant.

No. 18780.

Supreme Court of Utah.

Oct. 14, 1983.

Arden E. Coombs, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant Robert D. Sparks appeals, seeking the reversal of a jury conviction of third degree felony theft in violation of U.C.A., 1953, § 76–6–404, or a new trial. He was found guilty of obtaining or exercising unauthorized control over an Angus bull owned by Basin Land and Livestock Company with the purpose of depriving the Company of it.

Raising four points on appeal, defendant first contends that the evidence was insufficient to support the verdict. This Court views the evidence, and reasonable inferences from it, in a light most favorable to the verdict, *State v. Petree,* Utah, 659 P.2d 443 (1983); *State v. Kerekes,* Utah, 622 P.2d 1161 (1980); and, we do not substitute our judgment for that of the factfinder. *State v. Lamm,* Utah, 606 P.2d 229 (1980). We reverse a conviction only where the evidence is so inconclusive or inherently improbable that all reasonable minds would entertain a reasonable doubt that the defendant committed the crime. *State v. Petree,* supra; *State v. Romero,* Utah, 554 P.2d 216 (1976).

Examining the evidence in support of the verdict, there was testimony by an employee of Basin Land and Livestock Company that he saw a person with shoulder-length brownish-blond hair, wearing a green coat and levis, running from the Company's corral toward a creek. At the corral the employee discovered a dead Angus bull, steam rising from its cut-open body. Minutes later the employee stopped a truck which was leaving the area and recognized the passenger, later identified as defendant, to be the person he had seen running from the corral. Even though the weather was cold, defendant wore only a short sleeved shirt. His levis were water-splashed. He pointed out his dry tennis shoes before the employee ever mentioned that he had seen a person running toward the creek.

Upon investigation, officers observed Western bootprints in the ground alongside and into the creek. A crime laboratory expert could not determine the caliber of the bullet that created fragments found in the bull. He testified that they did not come from one of two rifles the defendant had with him in the truck. He could not conclude what gun was used. The defendant claimed that he and the driver of the truck were in the area hunting albeit without licenses; and, the driver explained that they had been looking for a tree for his wife. In view of this evidence, we see no reason to substitute our judgment for the jury's. The evidence against defendant was not so inherently improbable that it would necessitate a reasonable doubt in the minds of reasonable persons as to his guilt.

Neither do we find an abuse of discretion in the denial of defendant's motion for a new trial which he made on the ground of newly discovered evidence since he apparently knew or could have discovered the evidence prior to trial. *State v. Conrad,* Utah, 590 P.2d 1264 (1979). A prison inmate who was already serving a substantial term and admitted he had "nothing to lose" confessed to the driver of the truck, months before trial, that he had committed the crime. Even though the confession may have been known to defendant, the trial judge granted a hearing on his motion for a new trial at which the inmate could not remember landmarks in the geographical area. He testified that he had spent forty-five minutes working on the bull, whereas

evidence at trial indicated that the entrails had only begun to be removed when the employee discovered the dead bull. In view of the granting of the hearing and the testimony given there, the trial court did not abuse its discretion in denying the motion for a new trial.

■ Defendant's second point, that evidence of certain photographs was improperly admitted at trial, is also without merit. Relying upon U.C.A., 1953, § 77–35–16 which requires in subsection (4) that the prosecutor disclose any evidence known to him that tends to negate the guilt of the accused, the defendant claims that he should have been notified of the photographs in question before trial. However, the photographs which were taken a few days after the crime were introduced only for illustrative purposes to show the lay of the land and the position of the corral and its gate. Nothing in them required that the defendant be notified since they were not probative of his guilt or innocence. Further, the prosecutor furnished the defendant before trial the names of all the State's witnesses along with their statements and officer's reports. The defendant offers nothing to evidence that he was harmed by the introduction of the photographs of the scene.

■ Defendant's third contention is that at a bench conference the trial court prohibited his inquiry into the reason his co-defendant, the driver of the truck, had been dismissed from the case. He argues that he was thereby denied an adequate defense. This Court cannot rule on matters outside the trial court record. *Burnham v. Hayward,* Utah, 663 P.2d 65 (1983); *State v. Starlight Club,* 17 Utah 2d 174, 406 P.2d 912 (1965). See also *State v. Lee,* Utah, 633 P.2d 48 (1981), cert. den. 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981). Defendant made no record of any limitation on his cross-examination. He thereby is precluded from raising the point here. In any event, only an abuse of discretion resulting in prejudicial error would warrant reversal, *State v. Starks,* Utah, 581 P.2d 1015 (1978), and that has not been shown.

■ Defendant's fourth point, that his right to a speedy trial was abridged under U.C.A., 1953, § 77–1–6(1)(f), is foreclosed from consideration since he failed to assert his right to a speedy trial in the trial court and thereby waived his right to raise the issue here. *State v. Knill,* Utah, 656 P.2d 1026 (1982). See also *State v. Menzies,* Utah, 601 P.2d 925 (1979).

■ Finally, defendant argues that his first counsel, who withdrew from the case before trial, had some improper connection with the prosecutor. However, defendant did not preserve the issue by raising it at trial and making a record of it. We are thereby precluded from considering it here.

The conviction is affirmed.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.