Belknap
No. 84-254

THE STATE OF NEW HAMPSHIRE

v.

RAYMOND WALSH

June 17, 1985

*Stephen E. Merrill,* attorney general (*Andrew L. Isaac,* assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant was tried in Superior Court (*Dickson*, J.) for aggravated felonious sexual assault committed on his minor step-daughter. *See* RSA 632-A:2, X (Supp. 1983). At the beginning of the trial, the defendant objected to the victim's guardian ad litem's participation in the trial. The objection was overruled, and the exception to it forms the basis for this appeal. The jury convicted the defendant, and he was sentenced to 5 to 10 years at the New Hampshire State Prison.

The victim was 15 years of age at the time of the trial and 13 years of age at the time the alleged crime was committed. Prior to trial, the court appointed attorney Martha Copithorne, of Laconia, as guardian ad litem for the victim. Ms. Copithorne was permitted to sit at the prosecution table and to participate in the trial to the extent of making objections to questions asked of the victim and other witnesses testifying with respect to the victim.

During cross-examination of the victim, counsel for the defendant requested a bench conference for the purpose of entering an undated letter from the victim to her grandparents as an exhibit. The defendant at that time made his objection to the guardian ad litem's participation in the trial, which objection was overruled and defendant's exception noted.

Ms. Copithorne uttered a total of seven words in the presence of the jury during the entire trial. She stated: "Thank you. May we approach the bench?" She spoke in response to a request from the victim, while undergoing cross-examination, for a recess in order to consult with Ms. Copithorne.

In trials for sexual assault, *see* RSA chapter 632-A (Supp. 1983), the rape shield statute, RSA 632-A:6 (Supp. 1983), "protect[s] the victims of rape from being subjected to unnecessary embarassment, prejudice and courtroom procedure that only serve to exacerbate the trauma itself." *State v. Howard*, 121 N.H. 53, 57, 426 A.2d 457, 459 (1981). The statute accomplishes this by requiring the exclusion of certain evidence at trial. The statute provides that "[p]rior consensual sexual activity between the victim and any person other than the actor shall not be admitted into evidence in any prosecution under this chapter." RSA 632-A:6 (Supp. 1983). By thus sheltering the victim from inquiry into certain topics at trial, the statute affords the victim a limited testimonial privilege. *State v. Miskell*, 122 N.H. 842, 845, 451 A.2d 383, 385 (1982). We have elsewhere held that under the rape shield statute, the victim "is the real party in interest, and her interests may differ from those of the State." *Id.* (prosecutrix permitted to appeal adverse ruling of trial judge).

■ We have previously recognized that "there may be occasions when an attorney may properly invoke [a] privilege on behalf of and as an agent for his client . . . ." *State v. Bell*, 112 N.H. 444, 446, 298 A.2d 753, 755 (1972). We have also held that a trial court must take special care in guiding a juvenile in the assertion of a testimonial privilege. *Id.* at 448, 298 A.2d at 756–57. With the above principles in mind, and given the young age of the victim, her stake in obtaining the full protection available to her under the rape shield statute, and the limited involvement of the guardian ad litem in this case, we find no error in the guardian ad litem's participation at trial. The role and purpose of the guardian during trial should be explicitly outlined and delineated by the trial judge prior to trial, in order to avoid interference with the proper conduct of the trial so as to avoid a mistrial.

The remaining objection is no more than a quibble over where the guardian ad litem was permitted to sit. Placing the guardian ad litem at the prosecution's table was not an abuse of discretion, but rather a practical arrangement best suited to minimize the impact of the guardian ad litem on the jury. This becomes obvious when contrasted with potential alternatives, such as using a third table for the guardian ad litem or having the guardian ad litem address the court from outside the bar.

■ Based upon the foregoing, we hold that the trial court properly permitted the guardian ad litem's presence at the prosecution's table for the purpose of protecting the victim's rights.

*Affirmed.*