# Richmond

## William B. Scott v. Commonwealth of Virginia, ex rel. C. F. Joyner, Jr., Commissioner, Etc.

June 19, 1950.

Record No. 3691.

Present, Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*William C. Nemeth, Roswell P. Waldo, Bryce Rea, Jr.* and *Alfred W. Trueax,* for the appellant.

*J. Lindsay Almond, Jr., Attorney General, D. Gardiner Tyler, Jr., Assistant Attorney General,* and *J. A. Jamison,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The petitioner was convicted by a Maryland court of drunken driving of an automobile, and in accordance with the mandatory provisions of the Virginia statutes (sections 46-416 and 46-454 of the Code of 1950), the Virginia Commissioner of the Division of Motor Vehicles, upon receipt of the record of that conviction, revoked his license to operate an automobile. The petitioner filed in the Circuit Court of Fairfax county a petition for a review of the act of the commissioner. Afterward the commissioner filed a

motion to dismiss the proceedings. After due consideration the motion was sustained by the circuit court and the proceedings were dismissed. The court, in its order, gave the following as a reason for dismissing the proceedings: "The same being considered by the court, the court is of the opinion that the revocation of the driving privileges of the petitioner herein was mandatory and therefore the court had no authority under the provisions of section 2154(a21) of the Code (now section 46-424 of the Code of 1950), to consider the petition and grant the relief prayed for therein."

The limited right of one whose permit has been revoked to a review of the act of the commissioner is found in section 46-424 of the Code of 1950. So far as is pertinent, that section is as follows: "Any person aggrieved by an order or act of the commissioner requiring a suspension or revocation of his license * * * may, within thirty days from the date of such order or act, file a petition in any court having criminal jurisdiction * * * for a review * * *.

"No review shall lie in any case in which the revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute * * *."

Section 46-454 of the Code of 1950 provides the essential requisites to the exercise of the mandatory duty of the commissioner to revoke a permit. It is, in part, as follows: "The commissioner shall suspend or revoke the license * * * of any resident of this State upon receiving notice of his conviction, in a court of competent jurisdiction of this State, any other State of the United States * * * of an offense therein which, if committed in this State, would be grounds for the suspension or revocation of the license granted to him * * *."

Section 46-416 of the Code of 1950 requires the commissioner to revoke the license of any person under certain conditions. It provides, "The commissioner shall forthwith revoke * * * the license of any person * * * upon receiving a record of his conviction of any of the following

crimes committed in violation of either a State law or of a valid town, city or county ordinance * * *. (2) Violation of the provisions of sec. 18-75 or sec. 18-78 * * *."

Code, section 18-75 just referred to provides that, "No person shall drive or operate any automobile or other vehicle * * * while under the influence of alcohol * * *."

It is thus seen from the statutes that when the commissioner receives a record of conviction from the courts of Virginia or of a sister State against an operator for operating a car while under the influence of intoxicants, he must revoke the operator's license.

Under section 46-424 above referred to there is a right preserved to the operator for a review of the act of the commissioner, provided the revocation of the license is not mandatory. In the case at bar the revocation by the commissioner was mandatory, therefore the petitioner was not entitled to a review of his case.

The record of the proceedings in the Circuit Court of Fairfax county are very meager and incomplete. It consists of (1) The application for an appeal from the order of the commissioner revoking the operator's license of the petitioner; (2) The order of the court staying any action of the commissioner and ordering the matter to be heard; (3) A motion of the commissioner to dismiss the proceedings because section 46-424 of the Code of 1950 prohibits any review of the commissioner's act where the revocation is mandatory (which was the case here); (4) An order of the court sustaining the motion to dismiss because the revocation was mandatory.

The petitioner then sought to have the court sign certificates of exception in which were incorporated certain exhibits, namely, the order of revocation of the commissioner, and a certified copy of the judgment of the Maryland court. The order of revocation was based upon the conviction of petitioner of driving a motor vehicle while intoxicated, a third offense. The certified copy of the judgment and conviction of the Maryland court discloses it to have been

regular upon its face. It shows that the petitioner was arrested for operating a motor vehicle while intoxicated and brought before a Justice of the Peace in Laurel, Maryland. He, or someone for him, placed with the officer collateral security of $101.70 for his appearance for the trial, and, at the request of the petitioner, the case was continued until May 13, 1949, at which later date the record shows he failed to appear and the collateral security was forfeited. Attached to the certified copy of the judgment of conviction is a photostatic copy of a report of the arrest and conviction from the Department of Motor Vehicles of Maryland. At the trial in the Circuit Court of Fairfax county no other evidence was introduced. A conviction is defined in Code, section 46-387, and includes a forfeiture of bail or collateral deposited to secure appearance in court.

It is true that in the certificate of exceptions is found this statement: "* * * the argument and objection and contention of counsel for petitioner was that petitioner was held for thirty-nine hours without arraignment or the opportunity for petitioner to obtain a medical examination in order to present medical evidence in his behalf, or legal counsel, said Maryland court thereby failing to have jurisdiction in the matter, and such judgment or conviction thereby being invalid and not entitled to full faith and credit."

There was no evidence in the record that tended to support the foregoing contention. If the statement were true then counsel for petitioner should have offered the evidence, and if the court had rejected it he should have made up the record properly by inserting therein the evidence he would rely upon to show that the Maryland judgment was void, but he proffered no such evidence and he failed to avouch his evidence in the record or to press his case. *Owens* v. *Commonwealth*, 147 Va. 624, 136 S. E. 765. So far as this record discloses no harm was done the petitioner. We do not know from the record the type of evidence he had, if any, and what he intended to use, or that it was legal and admissible.

We are of opinion that the petitioner had the right, if he could, to show that the Maryland judgment was void, but he has entirely failed in that respect. He proffered no evidence on the subject, and we are forbidden to consider the question.

The petitioner has made statements in his petition which are not substantiated from the record. For instance, he says that had the Maryland judgment been rendered in Virginia it would have been void, and he cites as authority for that statement the case of *Winston* v. *Commonwealth*, 188 Va. 386, 49 S. E. (2d) 611.

The vice in the statement is that it leaves to guess as to why it would have been void in Virginia. Nothing in the record discloses its invalidity. On the other hand, as already stated, the judgment appears regular upon its face. It appears that the Maryland court not only had jurisdiction to try the case, but it had jurisdiction over the petitioner. And there is nothing in the record to show that there was any lack of due process.

The petitioner's counsel also argues that the judgment being void it was not admissible as evidence in the Circuit Court of Fairfax, nor was it entitled to full faith and credit under the Constitution of the United States. He asserts that he was denied due process of law in the Maryland court. He also contends that he was denied the right to argue before the circuit court certain points and authorities, including decisions of the Supreme Court and of the Supreme Court of Appeals of Virginia in an effort to establish that the Maryland judgment was void and not entitled to full faith and credit in Virginia.

These interesting constitutional questions which counsel for petitioner now urges cannot be considered by us. We are limited in our consideration of the case to the record before us, and it does not present facts upon which the suggested constitutional questions can be applied. The record does not show that the petitioner was held thirty-

nine hours *incommunicado,* or that he was not promptly arraigned, or that he was denied any fundamental or constitutional rights. Statement of counsel *dehors* the record purporting to detail certain instances in connection with the trial cannot be received. *Paris* v. *Brown & Hooff,* 143 Va. 896, 129 S. E. 678, 1 M. J., Appeal and Error, section 194, and in the footnote to said paragraph will be found a host of cases supporting this statement.

In 1 M. J., Appeal and Error, section 189, it is said: "It has been held in innumerable cases in the two states that the appellate court is limited to the consideration of errors which are apparent upon the face of the record. Where the record is insufficient to enable the court of appeals to decide questions arising upon petition for a writ of error, the writ will be dismissed as improvidently awarded. In an appellate proceeding the court of appeals sits to review and to correct errors of inferior tribunals, and in exercising this jurisdiction it is limited to the record of the proceedings which have taken place in the lower court. It does not search the record to ascertain if any error may perchance have inadvertently crept into it, but it reviews the rulings and judgments of trial courts on matters brought to their attention and decided by them. * * * "

This is not a case where one State is attempting to enforce a criminal statute of a sister State. The revocation of the petitioner's license by the Virginia Commissioner was not for the purpose of punishing him for his offense. He had already been punished for that by the Maryland Court. Nor is Virginia attempting to enforce a foreign judgment against him. *Prichard* v. *Battle,* 178 Va. 455, 17 S. E. (2d) 393, and *Anglin* v. *Joyner,* 181 Va. 660, 26 S. E. (2d) 58.

The Virginia commissioner, by reason of the conviction of the petitioner, simply declared under the authority of the statutes that he was no longer a fit person to enjoy the privilege which the Commonwealth had granted him. The real purpose of the revocation was to protect the public on the highways.

■ If there were errors in the Maryland proceedings then they should have been corrected on an appeal. The petitioner failed to appeal the Maryland judgment.
The judgment is accordingly affirmed.

*Affirmed.*