66 S.E.2d 583 (1951)
191 Va. 559
DILLON
v.
JOYNER.
Supreme Court of Appeals of Virginia.
September 5, 1951.
*584 C. Carter Lee, Rocky Mount, for plaintiff in error.
J. Lindsay Almond, Jr., Atty. Gen., D. Gardiner Tyler, Jr., Asst. Atty. Gen., for defendant in error.
Before SPRATLEY, BUCHANAN, MILLER, SMITH and WHITTLE, JJ.
SMITH, Justice.
The essential facts in this case are simple and uncontroverted. Stated chronologically, they are woven into the following pattern. On July 29, 1949, the appellant, Walter Buford Dillon, was convicted in the Trial Justice Court of Franklin county, Virginia, of reckless driving, P. H. Dillard, Jr., presiding as substitute trial justice in the place of the regular trial justice, H. D. Dillard. Later that same year, on October 14, 1949, the appellant was again convicted of reckless driving, this time in the Civil and Police Court of the city of Roanoke, Virginia. An order of the Commissioner of the Division of Motor Vehicles, appellee, was subsequently issued on May 3, 1950, revoking appellant's driving license for one year from April 25, 1950, pursuant to section 46-416 of the Virginia Code of 1950, which makes such revocation mandatory for a person convicted twice of reckless driving within a period of twelve consecutive months.
In so acting, the Commissioner automatically accepted as valid the abstracts of conviction sent to him by the Trial Justice Court of Franklin county and the Civil and Police Court of the city of Roanoke. Promptly thereafter, on May 10, 1950, appellant filed a petition in the Circuit Court of Franklin county denying that there had been a valid conviction on July 29, 1949, and seeking a stay of the Commissioner's order.
Stripped to its essence, the basis of appellant's claim was that he was convicted by a substitute trial justice instead of the duly qualified trial justice. Without giving the Commissioner an opportunity to be heard, the Circuit Court of Franklin county entered an order staying the action of the Commissioner until final determination of the case. The Commissioner then proceeded to file an answer to the appellant's petition and thereafter, on the 13th day of September, 1950, he made a motion before the Franklin county circuit court to dismiss the proceedings and to vacate the order entered on May 3, 1950, staying his action. Proceedings before the circuit judge were had in his office on this motion. At the conclusion of the argument, the court sustained the motion of the Commissioner to dismiss the proceedings and an order was duly entered thereon. Appellant then brought his case before us on a petition for an appeal and supersedeas, which were awarded on March 14, 1951.
The material part of section 46-416 is as follows:
"The Commissioner shall forthwith revoke, and not thereafter reissue during the period of one year, the license of any person, resident or non-resident, upon receiving a record of his conviction of any of the following crimes, committed in violation of either a State law or of a valid town, city or county ordinance paralleling and substantially conforming to a like State law and to all changes and amendments of it:
* * * * * *
"(5) Two charges of reckless driving, or forfeiture of bail upon two charges of reckless driving, when the offenses upon which they are based were committed within a period of twelve consecutive months; * * *."
The narrow issue now presented is whether a person, whose license to drive a motor vehicle has been revoked by the Commissioner of the Division of Motor Vehicles, based upon convictions on two offenses of reckless driving within twelve consecutive months, can raise the question of the validity of the judgments in a proceeding instituted under section 46-424 of *585 the Code of 1950, where the judgments are valid on their face, and where there is no question as to the identity of the person involved. Our answer to this is in the negative.
An examination of the Safety Responsibility Act, Chapter 6, Title 46, of the Code of Virginia of 1950, which includes the section 46-424, under discussion, reveals that there are many instances where the Commissioner acts in a discretionary and not a mandatory manner. See, for example, sections 46-420 and 46-423 of the Virginia Code of 1950. An aggrieved person is always protected against an abuse of this discretion and he can obtain an appropriate review of the Commissioner's action.
The pertinent paragraph of section 46-424 of the Code of Virginia of 1950, as it applies to this case, is as follows: "No review shall lie in any case in which the revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute."
In Scott v. Commonwealth, 191 Va. 73, 60 S.E.2d 14, 15, we held: "Under section 46-424 above referred to there is a right preserved to the operator for a review of the act of the commissioner, provided the revocation of the license is not mandatory. In the case at bar the revocation by the commissioner was mandatory, therefore the petitioner was not entitled to a review of his case."
The reason for this is obvious. In the course of a single year the Division of Motor Vehicles will process eighty or ninety thousand reports of convictions furnished to it in the form of abstracts by the clerks of the courts throughout the Commonwealth. The abstracts of conviction are presumed to be correct, and if they are valid on their face as was true in the instant case, the Commissioner cannot question their validity. There is also a strong presumption that a substitute trial justice properly exercises his prerogative, and whether he does so or not is a question of fact that must be raised before the trial justice court or an appropriate appellate court.
The substitute trial justice presided at the trial of the case in Franklin county. Section 16-56 of the Code provides that the substitute trial justice shall perform the duties of the trial justice in the event of the inability of the trial justice to perform the duties of his office, by reason of (1) sickness, (2) absence, (3) vacation, (4) interest, (5) proceedings or parties before his court, and (6) or otherwise. The failure of the trial justice to perform the duties of his office may be based upon any of the grounds named in the statute. If any ground exists it then becomes the duty of the substitute to perform the duties of the office.
The contention of appellant, if correct, would lead to an investigation to determine whether the failure of the trial justice was due to sickness, absence, vacation, interest in the litigation, disqualification by reason of the proceedings or persons, or otherwise. It is said that the trial justice was at the courthouse on the day of trial, but this would relate to only one of the grounds.
To permit a collateral attack to determine whether the substitute trial justice had the authority to try a warrant regular on its face would be destructive of our trial justice system which has won the admiration, respect and confidence of our people and aroused interest in a number of States. It would bring into question the validity of many judgments and would produce confusion and uncertainty.
The substitute trial justice is appointed by the same court and qualifies in the same manner as the trial justice. Should the substitute trial justice usurp the office, his acts may be set aside by the court in the same manner as the unauthorized acts of the trial justice himself.
The appellant in the instant case was, of course, entitled (1) to raise before the trial justice court the questions of invalidity of which he now complains and (2) to appeal from any adverse action of the trial justice court. He did neither, but he simply misconstrued his remedy by seeking relief in the way in which he did. The trial justice court certainly had jurisdiction to try the appellant on a charge of driving *586 a motor vehicle in a reckless manner. The appellant was also duly before the court at the time of the trial. Furthermore, he submitted to the jurisdiction of the court by paying the fine and surrendering his driving license. He took no steps to appeal, which was his right.
In Scott v. Commonwealth, supra, we affirmed a judgment which refused to review a mandatory revocation of a driver's license by the commissioner based on a conviction of the appellant herein in Maryland of driving his car while under the influence of intoxicants. In so holding, we said: "If there were errors in the Maryland proceedings then they should have been corrected on an appeal. The petitioner failed to appeal the Maryland judgment."
The same is true in the instant case. The appellant failed to appeal the trial justice conviction, which he had the right and opportunity to do. In the Scott case we also said, "* * * the petitioner had the right, if he could, to show that the Maryland judgment was void, but he has entirely failed in that respect." By that statement, which incidentally was obiter dictum, it was not intended to decide that it could be shown in a proceeding under section 46-424 that the judgment was void. There is no review under section 46-424 where the revocation was mandatory, except on the question of identity. Whether any, and if so, what, proceeding is available in case of mandatory revocation, to show that a judgment on which the revocation was based is entirely void, is not now before us, and was not before us in the Scott case.
In conclusion, there is nothing in the record to indicate that the action of the substitute trial justice was improper or invalid in any respect.
The judgment of the trial court is affirmed and a final order will be entered here suspending appellant's driving license for a period of one year from the date of said order.
Affirmed and final judgment.