## CIRCUIT COURT OF ALBEMARLE COUNTY

Commonwealth of Virginia

v.

Charles B. Repp

July 17, 1995

By Judge Paul M. Peatross, Jr.

The defendant, Mr. Repp, was arrested for driving while intoxicated. The arresting officer found the defendant seated in his car, which was parked partially in the travel lane of a public road and which was not running. The officer found that the defendant did not pass several field sobriety tests. The defendant admitted to having had several beers earlier that evening. He consented to a breath test, which showed that his blood alcohol content was .08 percent.

Following the arrest, the defendant's driver's license was suspended for seven days, pursuant to § 46.2-391.2 of the Code of Virginia (1950). The defendant challenged this administrative suspension in the Albemarle County General District Court. That court issued an order affirming the suspension, which the defendant subsequently appealed to this Court.

### Question Presented

May the General District Court's refusal to rescind the seven-day suspension of the defendant's license be appealed to the Circuit Court?

### Discussion

In determining if there is a right of appeal, one relevant Code provision is § 46.2-410:

> *Appeals from order suspending or revoking license or registration.* — Any person aggrieved by an order or act of the Commissioner requiring suspension or revocation of a license or registration under the provisions of this chapter is entitled to judicial review in accordance with the provisions of the Admin-

istrative Process Act (§ 9-6.14:1 et seq.). No appeal shall lie in any case in which the suspension or revocation of the license or registration was mandatory . . . .

This provision was held by the Supreme Court to bar a defendant who was convicted of drunken driving from appealing the mandatory revocation of his license. *Scott v. Commonwealth*, 191 Va. 73, 60 S.E.2d 14 (1950). In *Scott*, the court cited the relevant statute which required the one-year suspension of anyone convicted of reckless driving twice in twelve months. It stated that "The Commissioner shall forthwith revoke . . . ." implying that the suspension was mandatory. *Id*. at 76, 60 S.E.2d at 15. The defendant's appeal to the Circuit Court was held to have been impermissible and the revocation was ruled unreviewable. Without such a seemingly inflexible statute, the courts would be overwhelmed with appeals from tens of thousands of drunk or reckless driving suspensions. *Dillon v. Joyner*, 192 Va. 559, 562, 66 S.E.2d 583, 585 (1951). And so judicial efficiency requires that review of these administrative suspensions and revocations be kept to a minimum.

The second relevant Code provision is the administrative suspension law itself, found at § 46.2-391.2. The language in Section A states that a driver's license "shall be suspended immediately" upon satisfaction of the statutory blood alcohol content requirement. This suggests that the suspension is mandatory and invokes the application of § 46.2-410, disallowing any appeal therefrom. And yet, subsection C states that "[a]ny person whose license or privilege to operate a motor vehicle has been suspended under subsection A may, during the period of the suspension, request the general district court of the jurisdiction in which the arrest was made to review that suspension." § 46.2-391.2(C). Without applying some tool of statutory construction, these two provisions seem contradictory. The doctrine of *generalia specialibus non derogant* states that "general words do not derogate from special ones." Black's Law Dictionary 684 (6th ed. 1990). This rule suggests that the specific provisions of § 46.2-391.2(C) concerning appeals ought to trump the more general § 46.2-410 restriction, which would allow the appeal to the General District Court.

However, this in no way means that a right to appeal to the Circuit Court necessarily follows. Section § 46.2-391.2(C) seems to express the full extent of the exception which the legislators intended to "carve out" of the general rule regarding appeals from suspensions found at § 46.2-410 and quoted above. If an appeal to the Circuit Court following a General

District Court's ruling was also intended to be allowed, then there ought to be a "carve out" for this review as well.

The only statutory provision which might suggest that an appeal might lie is found at § 16.1-132 and reads:

> *Right of appeal.* — Any person convicted in a district court of an offense not felonious shall have the right . . . to appeal to the circuit court. There shall also be an appeal of right from any order or judgment of a district court forfeiting any recognizance or revoking any suspension of sentence.

While the violation of § 46.2-391.2 is undoubtedly an "offense not felonious," no "conviction" takes place in a district court. A "conviction" is "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Black's law Dictionary 333 (6th ed. 1990). In the case at bar, no conviction occurred, but rather the driver's license was suspended following the issuance of a warrant by the magistrate. Code of Va. § 46.2-391.2(A). When the General District Court affirmed the suspension, it issued an "order." Furthermore, the Court reads the second sentence of § 16.1-132 as a more specific extension of the right of appeal generally granted in the first sentence. However, this extension only applies to certain orders and judgments that deal with the forfeiture of a recognizance or the revocation of a suspension of sentence. The General District Court's order in the instant case does not fall into either of these specific categories.

In the event that the administrative suspension is not a criminal proceeding but is instead a civil proceeding, the civil right of appeal might be relevant. The provisions concerning appeals from courts not of record in civil cases is found at Code of Va. § 16.1-106. However, none of the conditions set forth therein are satisfied by the facts of the case at bar, and so a civil right of appeal does not exist.

Therefore, the Court finds that neither a general criminal nor civil right of appeal lies and that the § 46.2-410 prohibition against appeals from a mandatory suspension of a driver's license which applied in *Scott* also applies to the case at bar.

Accordingly, the Motion to Dismiss the appeal made by the Commonwealth is granted.