COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


HARRY JOSEPH McNAIR

                                    MEMORANDUM OPINION* BY
v.    Record No. 1238-00-2          JUDGE JERE M. H. WILLIS, JR.
                                          JULY 31, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                      James A. Luke, Judge

          Barbara G. Mason for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his bench trial conviction of operating a

motor vehicle while under the influence of alcohol, in violation

of Code § 18.2-266, Harry Joseph McNair contends that the trial

court abused its discretion in refusing to admit photographs of

his truck into evidence.  Because McNair's appeal is

procedurally barred by Rule 5A:18, we affirm.

                       I.   BACKGROUND

     On February 12, 2000, at approximately 3:00 a.m., Officer

Lloyd Ligon was following McNair's pickup truck when he noticed

"objects hanging from the rear view mirror."  Although a camper

shell with tinted windows covered the bed of the truck, Officer

───────────────
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Ligon could see the dangling objects because the "lights from [his] patrol car were shining through [McNair's] vehicle" and because of the "lights from oncoming traffic and the street lights." As Officer Ligon followed, McNair "made a right hand turn, crossing the center line." Officer Ligon pulled him over.

Officer Ligon noticed that McNair's eyes were bloodshot, his speech was slurred, and he smelled strongly of alcohol. He was off balance when he walked. Officer Ligon administered a preliminary breath test and placed McNair under arrest for driving while intoxicated.

At trial, McNair sought to introduce six photographs, some of which showed in the bed of the truck a "high back chair" or "sofa," which obstructed the rear window. Officer Ligon testified that the chair could not have been present when he pulled McNair over because he "could see the driver, the back of his head. The back of the seat. The rear view mirror. The objects hanging down."

McNair testified that he took four of the photographs at night, using a flash, at a location different from where the stop occurred. He testified that he took the other two photographs during the daytime. He stated that he took some of the photographs before his general district court trial and the rest the morning before his trial in the trial court.

The Commonwealth objected to the admission of the photographs on the ground that they did not "fairly and

-

accurately depict the truck on that night, nor [did] they picture the scene."  The trial court refused to admit the photographs into evidence, holding that

> [t]he photos taken with the flash, where the flash reflects off the glass making it act [as] a mirror, you see nothing beyond it.
>
> These taken in the daytime you can see through, but you can't -- you don't see the detail that the officer has described, and I don't know why you can't see the detail he described, except he saw it on entirely different circumstances then [sic] this.

McNair made no objection to this ruling, offered no countervailing argument, and did not proffer the photographs for the record.

## II.  ANALYSIS

Rule 5A:18 provides, in relevant part:

> [n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

Here, McNair made no objection to the trial court's rejection of the photographs.  He did not dispute the trial court's ruling.  He made to the trial court no argument setting forth his position as to why the photographs, or any of them, should be admissible.  Thus, he failed to preserve that issue for appeal.

-

Moreover, McNair failed to proffer the photographs for the record. Being unable to view them, we cannot assess the trial court's exercise of its discretion in rejecting them as evidence.

The record sets forth no reason for us to apply the "ends of justice" exception to the application of Rule 5A:18.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>

Benton, J., concurring.

I believe the issue whether the trial judge erred in refusing the photographic exhibits is not barred from review by Rule 5A:18. I agree, however, that the record on appeal is insufficient for us to review the issue raised by McNair.

McNair testified as follows on direct examination before the prosecutor objected:

> Q: Why can't you see [the dangling object on the rear view mirror]?
>
> A: Because there's a black, high back chair that sits in my camper. It has been in my camper for over five years and it covers up the rear view mirror.
>
> Q: Okay.
>
> A: Well, I mean the rear window. It covers up majority of that rear window.
>
> Q: Okay. And you've even taken pictures of that in the daytime, correct --
>
> A: Yes, I have.
>
> Q: -- the back of this Chevy. I've shown these to you.
>
> A: Yes, ma'am.
>
> Q: Does this reflect where that sofa is in your chair -- pickup truck on the morning that you were stopped?
>
> A: Yes, it does.
>
> Q: And are you able to see your rear view mirror from that picture?
>
> A: I can see my side view, but not the rear view.

-

Q: You can't see the rear view, you can only see the side view?

A: No, you can't.

Q: And that's the condition that the truck was in on the morning it was stopped?

A: It simply had more junk in it.

[Defense Attorney]: I'd like to offer those pictures into evidence, Your Honor.

[Prosecutor]: We're going to object at this time, Your Honor. I'd like to voir dire the Defendant on the photos.

On an extensive voir dire examination, the prosecutor showed McNair the six photographs. McNair testified about the matter that each photograph depicted, and he identified when and where he took the photographs. After this testimony, the prosecutor again objected to the admission of the photographs, stating "They don't fairly and accurately depict the truck on that night, nor do they picture the scene." McNair's counsel then questioned McNair further about the photographs. After a voir dire testimony that spanned seven pages of transcript, the following occurred:

[Defense Attorney]: Again, I move to introduce these photos. It fairly and accurately describes the condition of the truck, at the time the vehicle was stopped.

The witness has testified that he changed nothing in it. He took the photos. He has -- the sofa was in there. And it's been in there for over five, six years and it's still in there.

[Judge]: You took the photos with a Polaroid camera?

-

[Defendant McNair]:  Yes, sir, I did.

[Judge]:  Using a flash?

[Defendant McNair]:  At night I used a flash.  At night.

[Judge]:  Thank you.  The Court will not admit the photos; the photos of using a flash, which is obvious.  The --

[Defense Counsel]:  There are also photos without the flash.  Maybe I should ask.

There are two photos in the -- in the daytime that the flash was not used on.

[Judge]:  No, I didn't see those.  Would you like to place them up here?

I'll take a look at them.

      *       *       *       *       *       *       *

The photos taken with the flash, where the flash reflects off the glass making it act a mirror, you see nothing beyond it.

These taken in the daytime you can see through, but you can't -- you don't see the detail that the officer has described, and I don't know why you can't see the detail he described, except he saw it on entirely different circumstances then this.

[Defense Attorney]:  Your Honor, I would submit that --

[Judge]: I will not admit the photographs --

The photographs were excluded upon the prosecutor's objection.  After _voir_ _dire_ and a statement of purpose by McNair's counsel, the trial judge ruled on the prosecutor's objection.  Thus, Rule 5A:18 does not come into issue on McNair's appeal from that ruling.  "The purpose of Rule 5A:18 is

-

to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). As the above quoted passages indicate, the trial judge had the issue before him and ruled on it. Thus, no risk of judicial inefficiency would arise by our hearing the case. Moreover, traditionally, when the trial judge sustains an objection to the admissibility of evidence, the proponent of the evidence was required to note an exception to the ruling. See State v. Cheek, 299 S.E.2d 633, 639 (N.C. 1983). In Virginia, however, the legislature has abolished the requirement to take formal exceptions to rulings so that "[a]rguments made at trial via . . . oral argument reduced to transcript . . . shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal." Code § 8.01-384.

The problem this case poses is not a lack of objection or exception but, rather, the absence of the rejected exhibits in the record. "Photographs are generally admitted into evidence for two purposes: to illustrate a witness' testimony, and as an 'independent silent witness' of matters revealed by the photograph." Bailey v. Commonwealth, 259 Va. 723, 738, 529 S.E.2d 570, 579 (2000). Thus, "a photograph which is verified by the testimony of a witness as fairly representing what that witness has observed is admissible in evidence." Ferguson v. Commonwealth, 212 Va. 745, 746, 187 S.E.2d 189, 190 (1972). The

-

trial judge viewed the photographs at trial and concluded that they either did not show the interior of the truck or did not depict circumstances relevant to the testimony of the events.

The Supreme Court "consistently [has] held that the admission of photographs into evidence rests within the sound discretion of a trial [judge]."  Bailey, 259 Va. at 738, 529 S.E.2d at 579.  In order for us to determine whether the judge abused his discretion, we must view the photographs.  See Fields v. State, 144 S.E.2d 339, 343 (Ga. 1965); Wood v. State, 512 N.E.2d 1094, 1097 (Ind. 1987).  In view of the judge's comments, the significance of what the photographs might depict is not readily apparent.  "It is simply impossible to determine the effect of photographs without seeing them."  Fields, 144 S.E.2d at 343.  When the judge sustained the objection and barred the photographs, McNair's attorney should have offered them as rejected exhibits to complete the record for review on appeal. See Scott v. Commonwealth, 191 Va. 73, 78, 60 S.E.2d 14, 16 (1950).  See also Rule 5A:7(a)(3).  In the absence of the rejected photographs in the record, we have no basis to conclude that the trial judge abused his discretion in refusing to admit the photographs.

For these reasons, I concur in affirming the judgment.

-