## CIRCUIT COURT OF THE CITY OF DANVILLE

Jason Thomas Huff

v.

Department of
Motor Vehicles

May 31, 2002

Case No. (Law) LP 02-83

BY JUDGE JOSEPH W. MILAM, JR.

According to information written on a copy of a summons appearing in the file of the above-styled case, Jason Thomas Huff, Petitioner, was charged with violating Va. Code Ann. § 46.2-301 (driving while license, permit, or privilege to drive suspended or revoked) on August 5, 2001. Information showing on the summons also indicates that on October 18, 2001, Petitioner was tried and found guilty as charged in the Danville General District Court. The only sentence imposed by the Court, according to the disposition completed on the back of the summons, is a fine of $150.00. Thereafter, on November 9, 2001, the Virginia Department of Motor Vehicles (DMV), Respondent, suspended Petitioner's driving privileges.

On February 6, 2002, Petitioner, by counsel, filed a petition with this Court for a review of DMV's suspension of his driving privileges. The petition alleges that the Danville General District Court Judge did in actuality convict Petitioner of Va. Code Ann. § 18.2-272 (driving after forfeiture of license) in lieu of § 46.2-301, for the express purpose of avoiding the mandatory suspension provisions connected with § 46.2-301. A transcript of Petitioner's driver history record lists § 18.2-272 as the statutory basis for the October 18, 2001, conviction.

On March 1, 2002, a motion to dismiss and brief in opposition to the petition was filed by the Office of the Attorney General on behalf of DMV. A

hearing was subsequently held and argument was made before this Court on April 2, 2002, after which the petition was taken under advisement with additional time allowed for counsel to submit any other legal authority relevant to the matter. No additional authorities have since been presented.

The sole question at issue is whether the administrative suspension of Petitioner's privilege to drive by DMV should be repealed on the basis that such suspension constitutes a manifest injustice in that it conflicts with a final order of a court in the Commonwealth. Because the trial court's criminal order is not in conflict with the legislatively imposed civil suspension of Petitioner's privilege to drive, it is the opinion of this Court that the administrative suspension of Petitioner's privilege to drive by DMV should not be overturned.

By asserting that he was convicted of violating § 18.2-272, and not the charging statute of § 46.2-301, specifically to avoid a license suspension as part of the sentence, Petitioner avers that the subsequent DMV suspension constitutes a manifest injustice as contemplated by Va. Code Ann. § 46.2-410.1. In its brief, DMV acknowledges that the order of Danville General District Court convicted Petitioner under § 18.2-272 but disputes that the subsequent DMV order is in conflict with the Court's actual, official order. Furthermore, even if the general district court intended to avoid the consequence of a suspended license by convicting Petitioner of § 18.2-272 instead of § 46.2-301, according to DMV, this is of no consequence because "The trial court cannot change or alter that action. . . ." (Respondent's brief at p. 5.)

In support of its position, DMV cites Va. Code Ann. § 46.2-389(A)(2), which requires the DMV Commissioner to revoke the driver's license of anyone for whom it receives a record of having been found guilty of violating, among other statutes, § 18.2-272. The only exceptions to this statutory suspension are those situations so provided under Virginia Code Ann. §§ 18.2-271 and 18.2-271.1, neither of which are alleged to be applicable here. See § 46.2-389(A). DMV argues that this administrative function was not in conflict with the Court's actual order because the agency suspension order is rightfully issued, in essence, as a matter or law, irrespective of any suspension ruling from the bench. (Respondent's brief p. 4.)

In further support of its position, DMV notes a distinction between its action and court ordered punishment. Suspensions under § 46.2-389, DMV correctly explains, is not additional punishment that might conflict with a court imposed sentence, but is better classified as a legislatively imposed consequence on one's privilege to drive, made effective by the violation of statutorily mandated driving restrictions. (See Respondent's brief p. 3 citing

*Commonwealth v. Ellett*, 174 Va. 403, 4 S.E.2d 762 (1939)). DMV includes with its brief a copy of *Prichard v. Battle*, 178 Va. 455, 17 S.E.2d 393 (1941), a seminal case that further explains this distinction. Illuminating a predecessor to § 46.2-389, the Virginia Supreme Court opined that "The universal holding is that such a revocation is not an added punishment, but is a finding that by reason of the commission of the act or the conviction of the licensee, the latter is no longer a fit person to hold and enjoy the privilege which the State had theretofore granted to him under its police power." *Id.* at 462.

Additional case authority not included by the parties further bolsters the position that DMV suspensions, as civil, administrative consequences that follow a conviction, should not be construed as being in conflict with a trial court's criminal punishment. See *Brame v. Commonwealth*, 252 Va. 122, 476 S.E.2d 177 (1996) (holding that a criminal suspension of driving privileges subsequent to an administrative suspension pursuant to Virginia Code § 46.2-391.2(A) did not constitute double jeopardy); *Scott v. Commonwealth*, 191 Va. 73, 60 S.E.2d 14 (1950) (affirming circuit court's decision to dismiss an appeal of DMV Commissioner's automatic suspension upon receipt of conviction of suspending offense in sister state); *Huffman v. Commonwealth*, 210 Va. 530, 172 S.E.2d 788 (1970) (holding that it was not error for DMV to suspend license of an habitual offender under statute providing for civil proceeding).

The logic behind the reasoning of these and other cases would also seem to answer the more direct question of whether there is a conflict present when the trial court deliberately convicts under an alternate statute that it believes will avoid the outcome of an administrative suspension, as Petitioner alleges to be the case in this instance. Of course, this scenario is predicated on Petitioner's factual assertion that the trial court judge in issuing his sentence stated that his action "saved your (Petitioner's) driver's license." (See Petitioner's letter dated April 3, 2002, at p. 3.) According to DMV's brief, however, such intent to avoid an administrative suspension is not indicated on the trial court's order. And although Petitioner's case may have been strengthened had the trial court indicated such an intention on the order itself, DMV's position goes further by stating that the Commissioner would have suspended Petitioner's driving privileges under § 46.2-389 "whatever the trial court did." (Respondent's brief at p. 4.) A copy of *Meredith v. Commonwealth*, 95 Vap UNP 1117933 (Va. App. 1995), an unpublished opinion of the Virginia Court of Appeals, was presented to this Court to strengthen this position. In that case, the Court of Appeals states that the terms of the Habitual Offender Act are mandatory with no discretion written into the act. *Id.* 2. As such, an agreement by, in that case the Commonwealth's

Attorney, "to hold the habitual offender proceedings in abeyance was *ultra vires* and therefore not binding on the Commonwealth." *Id.* By analogy, the provisions of the Code of Virginia governing administrative suspensions under § 46.2-389 are similarly mandatory and an intent to frustrate such consequence by the trial court would simply be a mistake of law.

In contrast to this reasoning, Petitioner states quite the opposite, using the new statutory provisions of § 46.2-410.1 as the main point of distinction. In his letter dated April 3, 2002, at page 2, he states that this statute gives a trial court's order controlling priority over any DMV administrative decision and that "This is so even if it is later determined that the Court may have made an erroneous ruling." This statement of Petitioner, however, is not supported with legal authority. Although § 46.2-410.1 is a recent addition to the Code of Virginia and has not, as Petitioner indicates, yet become the object of much judicial interpretation, it seems unlikely that courts will apply it in the manner he suggests. For instance, in a letter opinion from the Circuit Court of Fairfax County styled *Stewart v. Virginia Dept. of Motor Vehicles*, 19 Cir. L200272 (2002), a DMV order of suspension to be effective until "ordered by the court" was held to not "actually conflict" with two other final orders of courts in the Commonwealth which held that his (the petitioner's) privilege to drive be suspended for a term of ten years. Rather, the Court in Fairfax held that the DMV's indefinite order did not conflict with the court orders, finding the administrative order to be consistent with the requirements of the Virginia Code, specifically §§ 18.2-271 and 46.2-391. *Id.* In the case before this Court, the DMV order of suspension and the order of the trial court present a less difficult reconciliation. As in *Stewart*, the statutory provisions, in this case §§ 18.2-272 and 46.2-389, should be read together such that the DMV order of suspension is not in conflict with the order of the trial court.

Therefore, since there is no actual conflict with a final order of a court of the Commonwealth and thereby no manifest injustice suffered by Petitioner, the Court hereby denies and dismisses the petition.