COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Haley
Argued at Richmond, Virginia


EDDIE NELSON RAY

                                                              OPINION BY
v.        Record No. 0573-09-2                      JUDGE D. ARTHUR KELSEY
                                                          FEBRUARY 16, 2010
COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF SUSSEX COUNTY
                          James A. Luke, Judge Designate

            R. Edward Railey, III (Railey and Railey, on brief), for appellant.

            Erin M. Kulpa, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


       The trial court convicted Eddie Nelson Ray of obtaining money by false pretenses and

uttering a false bank note. On appeal, Ray contends the trial court erroneously denied his request

to call his mother as a witness. At no time, however, did Ray proffer to the trial court what, if

anything, his mother might say in his defense.

       In Virginia, when "testimony is rejected before it is delivered, an appellate court has no

basis for adjudication unless the record reflects a proper proffer." Whittaker v. Commonwealth,

217 Va. 966, 968, 234 S.E.2d 79, 81 (1977). "When an appellant claims a trial court abused its

discretion in excluding evidence, we cannot competently determine error — much less reversible

error — without 'a proper showing of what that testimony would have been.'" Tynes v.

Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (citation omitted); see also

Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 348, 650 S.E.2d 92, 96 (2007).

       Though sometimes thought of as a mere waiver principle, the proffer requirement serves

the higher purpose of safeguarding our duty under Code § 8.01-678 to reverse only when the trial

court error actually prejudiced the defense. See Kirby v. Commonwealth, 50 Va. App. 691,

698-99, 653 S.E.2d 600, 603-04 (2007). Absent a proffer showing "harm was done," we are "forbidden to consider the question." Scott v. Commonwealth, 191 Va. 73, 78-79, 60 S.E.2d 14, 16 (1950). This is because "a proffer allows us to examine both the 'admissibility of the proposed testimony,' and whether, even if admissible, its exclusion 'prejudiced' the proffering party." Tynes, 49 Va. App. at 21, 635 S.E.2d at 689-90 (quoting Molina v. Commonwealth, 47 Va. App. 338, 368, 624 S.E.2d 83, 97 (2006)). "We can perform this examination only when the proponent proffers the testimony he expected to elicit, rather than merely his theory of the case." Id. (citation omitted). "To be sure, even when 'we are not totally in the dark concerning the nature of the evidence,' we still must 'know enough about the specifics' to be able to 'say with assurance' that the lower court committed prejudicial error." Id. at 22, 635 S.E.2d at 690 (citation omitted); see Owens v. Commonwealth, 147 Va. 624, 630, 136 S.E. 765, 767 (1927).[1]

On appeal, Ray acknowledges these principles but argues the trial court committed structural error — thereby sidelining the traditional harmless error analysis and rendering inapplicable the proffer requirement. We agree with the distinction Ray draws but disagree it applies to this case. The harmless error doctrine recognizes the distinction between "trial error" and "structural error." The former is governed by the harmless error doctrine; the latter is not.[2]

---

[1] Just as the proffer principle applies to a trial court's order sustaining an objection to questions asked of a witness, see, e.g., Tynes, 49 Va. App. at 21-24, 635 S.E.2d at 689-91, it likewise applies to the trial court's exclusion of a witness, see, e.g., Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999); Ripper v. Bain, 253 Va. 197, 205, 482 S.E.2d 832, 837 (1997); Jones v. Commonwealth, 217 Va. 226, 228-29, 228 S.E.2d 124, 126 (1976); Worrells v. Commonwealth, 212 Va. 270, 271-72, 183 S.E.2d 723, 724 (1971); Durant v. Commonwealth, 35 Va. App. 459, 466, 546 S.E.2d 216, 220 (2001); Zelenak v. Commonwealth, 25 Va. App. 295, 302, 487 S.E.2d 873, 876 (1997).

[2] Code § 8.01-678 makes "harmless-error review required in *all* cases." Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (emphasis in original and text in parenthetical to statutory citation); Walker v. Commonwealth, 144 Va. 648, 652, 131 S.E. 230, 231 (1926) (holding that the harmless error statute "puts a limitation on the powers of this court to reverse the judgment of the trial court — a limitation which we must consider on every application for an appeal and on the hearing of every case submitted to our judgment"). This

See generally Rivera v. Illinois, 129 S. Ct. 1446, 1455 (2009) (holding the denial of a defendant's peremptory challenge did not qualify as "structural error" requiring automatic reversal); Hedgpeth v. Pulido, 129 S. Ct. 530, 532 (2008) (*per curiam*) (holding an erroneous jury instruction was "trial error" but did not constitute a "structural defect").

Structural error exists "only in a 'very limited class of cases,'" Neder v. United States, 527 U.S. 1, 8 (1999) (quoting Johnson v. United States, 520 U.S. 461, 468 (1997)), in which the error affects the very "framework within which the trial proceeds" in a manner that defies "analysis by 'harmless-error' standards" because it undermines the "entire adjudicatory framework" of a criminal trial. Puckett v. United States, 129 S. Ct. 1423, 1432 (2009) (holding a violation of a plea agreement not structural error). An error "affecting the framework within which the trial proceeds" must not be mistaken for "simply an error in the trial process itself.'" Morrisette v. Warden, 270 Va. 188, 192, 613 S.E.2d 551, 556 (2005) (citation omitted). Thus, structural error is reserved for the "limited class" of errors that "defy analysis by harmless error standards," Neder, 527 U.S. at 7, like the denial of a public trial or representation by counsel, Emmett v. Warden, 269 Va. 164, 168, 609 S.E.2d 602, 605 (2005) (listing examples).

No Virginia court has ever characterized a trial court's decision to disallow testimony of a witness as structural error. Nor do we. The "great weight of authority" holds it to be mere trial error. Quarels v. Commonwealth, 142 S.W.3d 73, 82 (Ky. 2004) (applying principle to defendant's right to testify); People v. Solomon, 560 N.W.2d 651, 655 (Mich. Ct. App. 1996). And understandably so — for the exclusion of a witness's testimony could never defy the ordinary harmless error analysis. Proffering the expected testimony of an excluded witness requires only that the litigant disclose what he in good faith believes the witness would likely

---

mandatory harmless-error review necessarily requires us to determine whether the claimed error involves structural or trial error.

say. No defendant could reasonably expect a trial judge to make a decision to admit or exclude challenged testimony without receiving such a proffer. Nor can a defendant expect an appellate court to vacate a criminal conviction and order a new trial without knowing whether the excluded testimony was admissible, relevant, or in the least bit probative. A trial court's exclusion of a witness, even if erroneous, does not constitute structural error and thus does not suspend the longstanding requirement of a proffer.

In short, because Ray's "failure to proffer the expected testimony is fatal to his claim on appeal," Tynes, 49 Va. App. at 21, 635 S.E.2d at 690 (quoting Molina, 47 Va. App. at 367-68, 624 S.E.2d at 97), we affirm his convictions.

Affirmed.