COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Senior Judge Willis
Argued at Alexandria, Virginia

BETTY L. VERMILLION

v.      Record No. 1165-12-4

KEVIN R. VAGT

MEMORANDUM OPINION[*] BY
JUDGE JERE M.H. WILLIS, JR.
FEBRUARY 19, 2013

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Nolan B. Dawkins, Judge

David P. Korteling (Caplan, Buckner, Kostecka & Korteling,
Chartered, on brief), for appellant.

Michael C. Miller (Cole Miller PLLC, on brief), for appellee.

On appeal from an order denying her motion for a change in child custody, Betty L.

Vermillion contends that the trial court erred in holding that the order entered October 26, 2011 was

the most recent previous custody award, establishing the date from which she was required to prove

a material change in circumstances.  We affirm the judgment of the trial court.

BACKGROUND

Vermillion and Kevin R. Vagt were divorced on September 4, 2007.  They have two

minor children.  At the time of the divorce, both parties lived in Virginia and had joint legal and

physical custody of the children.

In September 2009, Vermillion sought to move to North Carolina with the children.  On

September 10 2009, Vagt filed a motion to enjoin the children from leaving Virginia and a

motion to modify custody and visitation.  On October 28, 2009, Vermillion filed a motion to

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

modify custody and visitation. On December 10, 2009, the trial court entered an order awarding Vagt primary physical custody of the children if Vermillion moved to North Carolina.

Vermillion did move to North Carolina. Because the parties could not agree on visitation, the trial court entered several orders regarding visitation during the holidays, summer, and school year.

On June 9, 2011, Vermillion filed a motion to modify custody and visitation. She alleged that a material change in circumstances had occurred since December 10, 2009. A two-day hearing was scheduled for June 5, 2012.

Meanwhile, on October 17, 2011, Vermillion filed another motion to modify and clarify her visitation. On October 26, 2011, the trial court entered an order ratifying and confirming Vermillion's visitation. The order also recited, "that pursuant to the Order of this Court, entered Nov. [sic] 10, 2009[1] that the children have remained in Virginia and that [Vagt] has primary physical custody . . . ." With the endorsed agreement of the parties, it held:

> ORDERED, that to the extent not modified or overruled by this Order, all prior orders regarding custody and visitation of the parties' minor children shall remain in effect.

At the hearing on June 5, 2012, Vagt moved the trial court *in limine* to determine the operative date from which Vermillion was required to prove a material change in circumstances.[2] Vermillion argued that the operative date was December 10, 2009. Vagt argued that it was October 26, 2011. The trial court held that the operative date was October 26, 2011. Vermillion neither adduced nor proffered any evidence of changed circumstances.

---

[1] The correct date is December 10, 2009.

[2] There is no transcript from this hearing; however, there is a written statement of facts.

On June 5, 2012, the trial court entered an order finding that there was no material change in circumstances since October 26, 2011 and denying Vermillion's motion to modify custody and visitation.[3]

## ANALYSIS

### *Material change of circumstances*

Vermillion argues that the trial court erred in determining that the order entered October 26, 2011 was the most recent custody award for determining whether there had been a material change in circumstances warranting modification of custody.

"[T]he parent seeking to obtain a transfer of custody bears the burden to show a change in circumstances following the most recent custody award." Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994) (citations omitted). "The test [for modifying custody] . . . has two prongs: first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).

The trial court found that there had been no change in circumstances since the October 26, 2011 order. Regardless of the reference date, Vermillion neither presented nor proffered any evidence of what she claimed to be changed circumstances.

> In Virginia, when "testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer." Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977). "When an appellant claims a trial court abused its discretion in excluding evidence, we cannot competently determine error – much less reversible error – without 'a proper showing of what that testimony would have been.'" Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (citation omitted); see also Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 348, 650 S.E.2d 92, 96 (2007).

---

[3] The order also included a summer visitation schedule.

\* \* \* \* \* \* \*

> Absent a proffer showing "harm was done," we are "forbidden to consider the question." Scott v. Commonwealth, 191 Va. 73, 78-79, 60 S.E.2d 14, 16 (1950)). . . . "To be sure, even when 'we are not totally in the dark concerning the nature of the evidence,' we still must 'know enough about the specifics' to be able to 'say with assurance' that the lower court committed prejudicial error." Tynes, 49 Va. App. at 22, 635 S.E.2d at 690 (quoting Smith v. Hylton, 14 Va. App. 354, 358, 416 S.E.2d 712, 715 (1992)).

Ray v. Commonwealth, 55 Va. App. 647, 649-50, 688 S.E.2d 879, 880-81 (2010).

The dissent recites the allegations in Vermillion's June 9, 2011 motion and accepts these as an evidentiary proffer. We perceive a distinction between a statement of position and a tender of proof. The recited abstract was part of a pleading, a polemic statement of position. It bore none of the badges of competence, relevance, or timeliness required of proof. See Whittaker, 217 Va. at 969, 234 S.E.2d at 81. The allegations contained in the June 9, 2011 motion had at best uncertain relevance to the June 5, 2012 situation on trial, a year later.

Because Vermillion did not present or proffer evidence upon which the trial court could have found a change of circumstances, we are unable to determine whether the error that she assigns, if it occurred, imposed injury or prejudice on her. Therefore, we affirm the judgment of the trial court.

*Attorney's fees and costs*

Vagt asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that Vagt is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by Vagt in this appeal.

- 4 -

## CONCLUSION

We affirm the judgment of the trial court and remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

<u>Affirmed.</u>

Alston, J., dissenting.

I respectfully disagree with the majority's determination that we are unable to review Vermillion's assignment of error because she did not present or proffer evidence of a change of circumstances at the June 5, 2012 hearing. Accordingly, I dissent.

Vermillion filed a motion to modify custody and visitation in the trial court on June 9, 2011. In that motion, Vermillion alleged the following changes of circumstance: (1) Vagt "ha[d] again become unemployed since the last proceeding in this case involving custody"; (2) Vagt had "repeatedly interfered with [Vermillion's] telephone access with the children," including their "ability to access the video conference feature of their telephones," in violation of a court order; (3) one of the children was experiencing behavioral difficulties in school, "including fidgeting, attention issues, restlessness and temper outbursts"; and (4) Vagt "ha[d] not adequately supported the children in their school activities or extracurricular activities." The motion stated, "The above incidents constitute a material change in circumstances. It is in the children's best interest that [Vermillion] have primary physical custody of the children with her at her residence in North Carolina."

The law is clear that the purpose of a proffer is to place rejected evidence on the record so an appellate court may evaluate it and determine whether the evidence was wrongly rejected. See Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977); see also Spencer v. Commonwealth, 238 Va. 563, 570, 385 S.E.2d 850, 854 (1989); Speller v. Commonwealth, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986).

> Though sometimes thought of as a mere waiver principle, the proffer requirement serves the higher purpose of safeguarding our duty under Code § 8.01-678 to reverse only when the trial court error actually prejudiced the defense. See Kirby v. Commonwealth, 50 Va. App. 691, 698-99, 653 S.E.2d 600, 603-04 (2007). Absent a proffer showing "harm was done," we are "forbidden to consider the question." Scott v. Commonwealth, 191 Va. 73, 78-79, 60 S.E.2d 14, 16 (1950). This is because "a proffer

> allows us to examine both the 'admissibility of the proposed testimony,' and whether, even if admissible, its exclusion 'prejudiced' the proffering party." Tynes [v. Commonwealth], 49 Va. App. [17,] 21, 635 S.E.2d [688,] 689-90 [(2006)] (quoting Molina v. Commonwealth, 47 Va. App. 338, 368, 624 S.E.2d 83, 97 (2006)).

Ray v. Commonwealth, 55 Va. App. 647, 650, 688 S.E.2d 879, 881 (2010).

In this case, there is no question pertaining to the content of the rejected evidence from that portion of Vermillion's June 9, 2011 motion relating to custody, namely, that since December 10, 2009, (1) Vagt "ha[d] again become unemployed"; (2) Vagt had "repeatedly interfered with [Vermillion's] telephone access with the children," including their "ability to access the video conference feature of their telephones," in violation of a court order; (3) one of the children had experienced or was experiencing behavioral difficulties in school; and (4) Vagt "ha[d] not adequately supported the children in their school activities or extracurricular activities." This information is specific enough to allow this Court to determine whether the evidence was wrongly rejected and whether its exclusion prejudiced Vermillion. To hold otherwise is to "elevate form over substance." Walls v. Commonwealth, 38 Va. App. 273, 279 n.1, 563 S.E.2d 384, 387 n.1 (2002).[4] Accordingly, I would hold that Vermillion's failure to

---

[4] I note also that this perceived problem of Vermillion's failure to proffer the evidence of the change in circumstances she wished to present is not raised by the parties but rather, *sua sponte*, by this Court. This raises a concern that our jurisprudence may be interpreted to create unnecessary procedural hurdles litigants must fulfill in order to be heard on the merits of their arguments. In my view, the four separate allegations of materially changed circumstances raised by Vermillion are clear from the record. To require Vermillion to further "proffer" evidence when the record contains a motion setting forth precisely what evidence she intended to offer indeed "elevates form over substance."

In my view, it is also significant that this matter was resolved by a motion *in limine*. Because the trial court granted Vagt's motion *in limine*, Vermillion was prevented from presenting *any* evidence of a change in circumstance from December 10, 2009, to October 26, 2011. To suggest that the change in circumstances outlined in Vermillion's June 9, 2011 motion are no longer sufficient to alert this Court to the evidence Vermillion sought to introduce because of the passage of time between the filing of her original motion and the hearing on the motion *in limine* unfairly blames the petitioner, Vermillion, for the circumstances relating to the lack of action on her request for relief on the issue of custody. Moreover, Vermillion's June 9, 2011

proffer evidence of a change of circumstances at the June 5, 2012 hearing does not preclude our review in this case.

Moreover, I would hold that the trial court erred in holding that October 26, 2011 was the operative date from which Vermillion was required to prove a material change in circumstances. "[T]he parent seeking to obtain a transfer of custody bears the burden to show a change in circumstances *following the most recent custody award*." Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994) (emphasis added). I would hold that the most recent custody award in this case was the December 10, 2009 order. The October 26, 2011 order, in my opinion, addressed visitation, which is distinct from custody.

The October 26, 2011 order stated specifically that the matter came before the court on Vermillion's "Motion to Modify Visitation Schedule and to Affirm Weekend Visitation Schedule." The October 26, 2011 order set forth a calendar with the new visitation schedule. The October 26, 2011 order simply did not concern custody of the parties' children.

In support of his argument that the October 26, 2011 order was a custody order, Vagt points to the portion of the order which states, "ORDERED, that to the extent not modified or overruled by this Order, all prior orders regarding custody and visitation of the parties' minor children shall remain in effect." In my opinion, this language merely maintained the status quo between the parties and should not be read to adjudicate Vermillion's separate custody motion of June 9, 2011. No evidence was taken on the June 9, 2011 motion. Vermillion never abandoned her request pertaining to that motion. The October 26, 2011 order did not address any of the circumstances regarding custody raised in Vermillion's June 9, 2011 motion. In my view, the

---

motion provided a basic outline of the evidence of a change in circumstance Vermillion intended to introduce, just as a proffer would have.

October 26, 2011 order was simply not a custody order, and the trial court erred in holding that Vermillion was required to show a change of circumstances from October 26, 2011.

For these reasons, I respectfully dissent.